3b 261
91 393

CASE 79—PETITION EQUITY—FEBRUARY 13.

# Boyce and wife vs. Sinclair.

### APPEAL FROM SCOTT CIRCUIT COURT.

1. In consolidated actions—one brought to set aside the sale of infant's land, for defects and errors in the proceedings, on the petition of the guardian, under the provisions of chapter 86 of the Revised Statutes; the other brought by the purchaser of the land to have the sale confirmed, under the provisions of the act of February 17, 1866 (*Myers' Supplement*, 752)—it appearing from the proof that the sale was fair, and that the land sold for its full value, the judgment of the circuit court merely dismissing the petition to set the sale aside was informal. The judgment ought to have confirmed the original judgment or decree and sale. But such judgment of dismissal is a sufficient bar against the parties, or any one claiming under them.

2. The act of February 17, 1866 (*Myers' Supplement*, 752), providing, on the petition of the purchaser, for the confirmation of sales of infant s real estate, is held to be constitutional.

---

Boyce and wife vs. Sinclair.

---

J. B. Beck and
J. M. Shepard,                                    For Appellants,

CITED—

16 *B. Mon.,* 296; *Carpenter & Grigsby vs. Strother.*

18 *B. Mon.,* 289; *Barrett vs. Churchill.*

18 *B. Mon.,* 781–2; *Wyatt vs. Warfield.*

4 *Mct.,* 41; *Woodcock vs. Bowman.*

2 *Mct.,* 516; *Wells vs. Crawford.*

3 *Mct.,* 525; *Mattingly vs. Reed.*

2 *Mct.,* 574; *Bell vs. Clark.*

2 *Duvall,* 294; *Bell, Barkley & Co. vs. Hall's ex'rs, &c.*

Act of *February* 17, 1866.

W. S. Darnaby,                                    For Appellee,

CITED—

*Myers' Sup., pp.* 424, 425, 428, 429, 750, 752.

*Revised Statutes, chap.* 86.

2 *Duvall,* 508–13; *Woodcock, &c., vs. Bowman.*

4 *Met.,* 43.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Stephen Lucas, by his last will, devised one hundred and thirty acres of land to his wife for life, and then to his ten children in fee. Elijah Lucas, one of the children and devisees, died after his father's decease, leaving Mrs. Boyce, then unmarried and a minor, his only child and heir-at-law; and J. D. Nelson was appointed her statutory guardian, who filed a petition in chancery, in his own and ward's name, against Sinclair, to have her undivided tenth of this land sold, alleging that it would be beneficial to his ward.

The court ordered the sale, and Sinclair having previously become the owner of the life estate of the widow of the testator, Lucas, and having also purchased out the other nine devisees, purchased at the judicial sale this

undivided tenth, at the rate of forty dollars per acre; and the court confirmed the sale, and had a deed made on the payment of the purchase price. The sale was made April, 1856. She married before arriving at full age, which was in July, 1863. More than two years there-after, she and her husband brought this suit to set aside the sale for irregularities in the proceedings, mainly be-cause, as alleged, the commissioner did not report "the net value of the infant's real and personal estate, and the annual profits thereof, and does not state whether the interest of the infant required the sale to be made."

The commissioner reported her interest in the one hun-dred and thirty acres at one ninth instead of a tenth, as it should have been, and which was subsequently cor-rected by a proper order, and that its cash value was forty dollars per acre; "that the annual profits of said ninth part is thirty dollars per year; *that said infant has no other real or personal estate from which they derive any income, so far as the undersigned have ascertained and believe.* The undersigned are of opinion that a sale of the land above named will advance the interest of the infant."

The technical objection to this report is, that it did not say in so many words she had no other real estate, and give the amount of her personal estate; but it is hard to understand, from the language of this report, anything else than that the commissioner meant to say that she had no other real or personal estate, and having none, of course no revenue could be derived therefrom; but, how-ever this may be, the appellee, Sinclair, November 22, 1866, filed his petition, alleging that said sale was fair, and the land sold for its full value, and the purchase money was duly paid, &c., and asked that it be con-firmed, to which Boyce and wife were made defendants. He presented this petition with its allegations as part of

his answer to the suit of Boyce and wife against him, prayed for a consolidation and for a confirmation. The suits were consolidated and heard together. Upon oral proof establishing the fairness of the sale and fullness of the value paid for the land, the court dismissed Boyce and wife's petition absolutely.

By an act approved February 17, 1866 (*Myers' Supplement,* 752), the Legislature authorized the purchaser, under judgments and decrees rendered upon the guardian's petition for the sale of his ward's land, to file his petition for a confirmation of the sale, when "there are such errors or defects in the proceedings in which judgment or decree was obtained as will or may vitiate the same."

This enabling, permanent statute was enacted after several years' experiment of statutes of temporary duration for the same purpose, the working of which had been found so beneficial as to induce a permanent adoption of their policy.

The provisions of *chapter* 86 *of the Revised Statutes* had been so unfortunately worded as to induce this court to suppose that the chancellor's jurisdiction to sell infant's real estate was made to depend on a strict literal compliance with the provisions of the statute. The consequence was, that unless these were strictly complied with, the sale was void; but so much injustice to both the infant owners and the purchasers was being done, as to cause both the Legislature and this court to relax the rigid rules of construction first placed on the *Revised Statutes;* and the great aim of the Legislature was to remedy the existing evils, and the main good to be accomplished lay in that direction; for if the purchaser concluded he had bought a dear bargain, or the circumstances should alter after the purchase, he could often escape from the purchase to the detriment of the in-

Boyce and wife vs. Sinclair.

fants; whilst, if circumstances were favorable to an advance in the value of the property sold, no matter how adequate the price at the time, the infants could more frequently escape from its effect to the detriment of the purchaser, thereby making judicial sales the most uncertain and unreliable of all others, when the experience and policy of ages had determined these should be regarded as the most permanent and reliable of all others.

We regard the policy of these confirmatory statutes as beneficial to all parties, most wholesome and wise, and have no doubts as to its constitutionality or retroactive operation.

The judgment in this case was certainly informal in merely dismissing the petition of Boyce and wife, because, as it sets forth, the sale was fair, and for a full value, instead of confirming the judgment of sale and proceedings thereon upon Sinclair's petition; still, he only has a right to complain of this. The judgment, however, doubtless is all-sufficient to bar Boyce and wife, or any one claiming through them.

Whilst we are not prepared to say, that, even under the most rigid ruling of this court, said sale would have been void, even without the subsequent statute and proceedings thereunder, we are satisfied that the proceedings of Sinclair were eminently just and proper, and the judgment dismissing the petition of Boyce and wife fully authorized; and this is in accordance with the cases of *Thornton vs. McGrath et al.,* 1 *Duvall,* 354, *and Woodcock et al. vs. Bowman,* 2 *Duvall,* 508.

Judgment affirmed.