CHIEF JUSTICE WILLIAMS
delivered the opinion op the court:
The original petition for the sale of the infant ward’s land was defective in not making- him a party, and, therefore, the decretal sale was irregular. But when the purchaser, McGee, excepted to the .report of the sale and resisted its confirmation, appellant, as guardian, offered to file an amended petition, making her ward and the purchaser parties, setting out that she had, at his solicitation, contracted to him the land at two thousand seven hundred and fifty dollars; and that she then told him she had no right to sell it, whereupon he said he would consult a lawyer whether a decree of sale could not be obtained, and have the proper proceedings taken, which he did, and procured the original petition to be filed; that the decree was obtained, and he bid the agreed price, which was a full and fair one, and advantageous to her ward; that, pursuant to the agreement, she liad let him into possession, and he had enjoyed the place; that, upon the faith of this sale, she had purchased a house and lot in town, where she had gone with a view to the education of her ward and only child, a boy between sixteen and seventeen years *529 of age, and who was anxious that the sale should'/be confirmed. The court refused to let it be filed until he passed upon the exceptions, when the next day, after sustaining the exceptions and setting aside the sale, it was filed, and then he sustained a demurrer to it, and this appeal seeks a correction of these errors.
The temporary statute of September 30, 1861 (Myers' Supplement, 424), which was of only two years’ duration, was enacted to remedy this precise defect in such proceeding, and being found so beneficial in its operation by the subsequent enactment of January 12, 1866 (same hook, 750), it was revived and made permanent, and enacted as part of chapter 86, Revised Statutes; and as said by this court in Boyce and wife vs. Sinclair (3 Bush, 264), it was made a permanent policy, after sufficient experience, for the purpose of remedial justice, and to correct the evils of a too rigid judicial construction of the rigid enactment found in said chapter 86.
This statute could only answer the real objects of its enactment by giving it both a retroactive and prospective operation. It disturbed no vested interest, conflicted with no equitable right, but only gave the chancellor power to inquire into the defects in such proceedings, and to ascertain whether it would be equitable to uphold the sale; and if so, then, upon proper proceedings, to mature and perfect the title; in other words, it only gave the chancellor power, when he ascertained that it would be right to sustain the sale, to secure to the purchaser the' land he bought, and to the ward the price bid, and thereby prevent injustice to either party.
If the allegations of this petition be true, and so they must be regarded on demurrer, there can be no doubt but the chancellor should perfect the title and compel the purchaser to abide his contract.
*530 Wherefore, the judgment setting aside the sale is reversed, with directions to overrule the demurrer to said amended petition, and to ascertain the facts therein alleged, and for further proceedings consistent herewith.