## J. W. SMIZER, GDN., ET AL. *v.* W. H. INSKEEP.

**Judicial Sale of Real Estate.**

When one buys real estate at a judicial sale and the title is good he can not prevent the confirmation of the sale simply because he then thinks he offered too much for the property.

**Service on Minor.**

Where in a suit to sell real estate one minor defendant was not served by process but appeared by a guardian ad litem, and the omission is discovered before sale, the irregularity may be cured ·by supplementary pleadings and proceedings so as to bind such minor's interest.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 19, 1884.

OPINION BY JUDGE HARGIS:

This action was brought by the guardians of the infant heirs of James M. Fisher and by his adult heirs to sell land descended to them. The infants were made defendants, process served, a guardian ad litem appointed who accepted and defended for them, and the statutory requirements complied with in every respect to authorize the sale except as to Lizzie Fisher. It is claimed that because she was not properly served with process the purchaser of the land sold under a decree rendered in the proceeding should be released from his purchase. The defect in the service was this: She was under fourteen years old and, no father, mother or guardian being found, the officer summoned W. C. Fisher who had her in charge to defend for her. The process was not served on her, and it seems the persons conducting the suit had overlooked or did not know of the Act of January 16, 1882. On exceptions being filed by the purchaser the plaintiffs immediately proceeded by supplemental pleadings and process to bring her before the court and to cure the irregularity. She was served with process according to the Act of January 16, 1882, and every essential statutory requirement again

complied with so that no irregularity in the proceedings before confirmation of the sale was asked can be shown except the defective service of process as above stated.

After all this was done and a good and sufficient title presented through the court to the purchaser he resisted confirmation of the sale, and the court below adjudged that he was not bound by his bid and discharged him from his purchase. From that judgment the heirs and guardians have appealed. The purchaser bid the full value of the land if not more than its value. The record shows that the sale is highly beneficial to the infants and that those nearest to them in blood and interest are anxious for the sale to be confirmed. So it may be safely inferred that the purchaser is trying to escape confirmation because he thinks he made a bad bargain. Had exceptions been filed and the sale confirmed without the supplemental proceedings, the sale would not have been void, but voidable, and the decree of sale and confirmation subject to reversal. See *Bustard v. Gates*, 4 Dana (Ky.) 429; *Spencer v. Milliken*, 4 Ky. L. 856; *Miller v. Rogers*, MSS. opinion, June 4, 1883; *Downing's Heirs v. Ford*, 9 Dana (Ky.) 391.

The guardian ad litem appeared and accepted the appointment and filed an answer under the first or defective service of process. He appears to have acted in good faith, and the infant, Lizzie, received at his hands all the protection she could have had even if the summons had been served on the guardian ad litem as provided for by the Act of January 16, 1882. Civil Code, § 52, and that act recognize the practical suggestions made in the case of *Benningfield v. Reed*, 8 B. Mon. (Ky.) 102, citing *Bustard v. Gates and wife*, 4 Dana (Ky.) 429, where it is said in substance that service on an infant under fourteen years old can not be of any practical value to it, and that its rights must at least depend upon the good faith of its guardian and the fidelity and care of the court. If any doubt existed, and we entertain none, about the meaning of the line of decisions alluded to, still we do not think that under our statutes of amendment and for curing errors in fiducial proceedings, and under the chancery practice prevalent in this state, that it was beyond the jurisdiction or power of the chancery court to cure the defects alleged in this case by the supplemental steps that were taken. According to the case of *Marshall v. Marshall*, 4 Bush (Ky.) 248, the act of January 12, 1866, reviving or continuing in

force the acts of September 30, 1861, and March 1, 1862, applied to future as well as past cases; and in the light of *Mahoney v. McGee,* 4 Bush (Ky.) 527; *Boyce v. Sinclair,* 3 Bush (Ky.) 261, and *Thornton v. McGrath,* 1 Duv. (Ky.) 349, and the existence of the inherent and the essential power of courts of chancery curing irregularities in proceedings, we see no good reason for overruling that case. As no statute is found in the general statutes providing for curing irregularities of the kind now before us or upon that subject, the act of January 12, 1866, does not stand repealed, but is in force by virtue of the act of March 17, 1876.

This being so the supplemental proceedings were authorized, and according to the case of *Gates v. Kennedy,* 3 B. Mon. (Ky.) 167, binding upon the purchaser who was tendered a good and valid title before his bids were decided not to be binding by the court below. How could the perfection of the title have injured the purchaser before he was required to accept it? If the title was not marketable it was when the purchaser made his bid, and at a time it must have operated in his favor, if it affected the sale at all. When his bid was asked to be confirmed the title was good in law and equity, and as he would have secured the land and a good title by his purchase, how can he be injured by a confirmation of the sale, unless by his own act in bidding more than he afterwards came to think the land was worth? The title, as offered through the court, was sound and marketable, and there can be no legal or equitable reason for litigation about it hereafter, and indeed it is presumed there will be none in the absence of an affirmative showing to the contrary.

Wherefore the judgment is *reversed* and cause remanded with directions to confirm the sale and for other proper proceedings.

*Bronston & Kinkead, J. Q. Ward, for appellants.*
*Buckner & Allen, Woolley & Buckner, for appellee.*