SMITH ET AL. v. CALLAGHAN.

1. **Estates of Decedents:** SALE OF LAND BY FOREIGN EXECUTORS: LEGALIZING ACT: CHAP. 162, LAWS OF 1880: RETROSPECTIVE LEGISLATION: CONSTITUTIONALITY. The land in question was devised to plaintiffs by a testator who died in Illinois, but in his will he also authorized his executors to sell the lands, for the benefit of the devisees, on such terms and at such prices as they (the executors) might deem proper. The will was probated in Illinois, and the executors qualified there. Afterwards a certified copy of the will was filed in the circuit court of the county in Iowa where the lands lay, and the executors were appointed by that court, and qualified there, also, in the manner provided in the will. Afterwards, in the exercise of the powers conferred by the will, but without the order or approval of the court, they sold and conveyed the lands to defendant for what appears to have been much less than their actual value. All this occurred prior to the enactment of Chap. 162, laws of 1880, but the requirements of that act had been complied with by the executors. Plaintiffs now bring this action to recover the lands from the defendant, on the ground that the sale to him was void, because made without the order of the court, and without its approval of the deed. *Held* that, if such order and approval were necessary at the time, the defects were cured by section two of said act; and that such defects, being merely formal defects in proceedings, could be cured by retrospective legislation, without an invasion of constitutional rights. See authorities cited in opinion.

*Appeal from Kossuth Circuit Court.*

FRIDAY, JUNE 12.

ACTION to quiet title to certain land in Kossuth county. The plaintiffs, George Smith and William Smith, show in their petition that one George Smith, of the state of Illinois, died seized of the land; that the plaintiffs became devisees of the land under the will of George Smith, deceased; that one Hunt and one Cowdry were appointed executors in the will; that the testator, by his will, authorized and empowered them to sell and convey, for such prices and on such terms as they should deem proper, all or any part of his real estate, and should be required to give only their personal bond as security; that the will was duly probated in Cook county, Illinois, and Hunt and Cowdry qualified as executors; that afterwards, in 1870, a certified copy of the will was filed in the circuit court of Kossuth county, Iowa, and Hunt and Cowdry were appointed by the court executors of the will in the county, and qualified by giving their bond as ordered; that afterwards, in 1871, they sold and conveyed the land in question to the defendant for the sum of $1,000; that the land, however, at that time was worth $3,000, and was sold without appraisement, and without the order of the court, and the deed thereof was not approved by the court. The defendant demurred to the petition, and the demurrer was overruled. He elected to stand upon his demurrer, and judgment was rendered against him, as prayed in the petition. He appeals.

*A. F. Call*, for appellant.

*Geo. E. Clarke*, for appellees.

ADAMS, J.—It is claimed by the defendant that under the will the executors became trustees of the land, and had full power to sell and convey the same without an order of court, or its approval of the deed. In the view which we have taken of the case, we do not find it necessary to determine the question. The Eighteenth General Assembly passed an act (chapter 162) entitled "An act relating to conveyances of

real estate by foreign executors and trustees, and to amend section 2352 of the Code." This act provides for a sale and conveyance of real estate in this state by foreign executors without an approval of the deed, where the executors are empowered in the will to sell. The same act also provides that conveyances made before that time by foreign executors, shall be legal where the requirements of the act have been complied with. It is undisputed that in the sale in question the requirements of the act were complied with, but the plaintiffs deny that the act had the effect to legalize the sale, because it is said that at the time the act took effect they had a vested right in the land, and that the act itself provides that such right shall not be affected; and, moreover, that it could not be, even without such provision.

It is not to be denied, we think, that they had at one time a right in the land. But that right was subject to the provision of the will that the executors might convert the land into money for their benefit. This is all that the executors have done. The fact of the sale and conveyance, aside from any question as to the mode in which they were made, does not afford the plaintiffs any just ground of complaint. We come, then, to consider whether, conceding that the sale should have been ordered and the deed approved by the court, the plaintiffs had such right to have that mode of sale and conveyance pursued that the legislature could not legalize the sale that was made. In our opinion they did not have such right.

In the first place, it is proper to observe that, if the legislature could not legalize this sale, the legalizing provision of the statute must be wholly inoperative and void; and to justify us in arriving at such conclusion we ought to have clear and substantial grounds. The plaintiffs claim to be aggrieved by the fact, as alleged in the petition and admitted by the demurrer, that the property was sold for less than its value. If we could see that this was a result of a want of conformity to the requirements of the law in the mode of

making the sale, we should be inclined to think that the plaintiff's right to have the proper mode pursued was such that the sale could not be legalized. But there is nothing in the case that leads us to conclude that such was the fact. The executors were not obliged to sell at that time or any other time. We must presume, then, that they sold because in their judgment they obtained the full value of the property, and the testator made their judgment the sole arbiter of such question.

It was not for the court to set up its judgment in regard to the value of the property as against the judgment of the executors. Creditors are not complaining, and the court at most could only see that the sale was made in accordance with the provision of the will. Nor could the court have properly refused to make an order of sale. The right to sell was not dependent upon any showing in regard to the condition of the estate. The right was absolute. Whatever there was omitted, if anything, which ought to have been done, was, under the circumstances of the case, a mere formality, and the only operation of the legalizing act is to effectuate the intention of the parties.

In *Schenley v. Com.*, 36 Pa. St., 29, the court, speaking of formal defects, says: "That such defects may be cured by retroactive legislation, need not be argued." See, also, in this connection, *Lessee of Watson v. Bailey*, 1 Bin., 477; *Underwood v. Lilly*, 10 Serg. & R., 101; *Barnet v. Barnet*, 15 Id., 72; *Watson v. Mercer*, 8 Pet., 88; *Carpenter v. Pennsylvania*, 17 How., 456; *Davis v. State Bank*, 7 Ind., 316. In Cooley, Const. Lim., 369, note, the author says: "Undoubtedly the legislature may dispense with mere matters of form in proceedings, as well after they have been taken as before." In *State v. Norwood*, 12 Md., 195, a bond had been held invalid for want of a revenue stamp. The case was appealed. Between the time of the rendition of the judgment below and the hearing in the appellate court, an act was passed legalizing instruments theretofore invalid for

want of a stamp. It was held that the act had the effect to legalize the bond sued on, and that, too, notwithstanding the fact that the judgment below was rendered before the act was passed. The moral obligation of the makers of the bond was unquestionable. The defense had been merely technical, and, such being the fact, it was thought that congress might take away the defense, and that it was not too late, so long as the case had not been finally disposed of.

In the case at bar, the defendant, Callaghan, bought the land in good faith, so far as the petition shows, and paid the agreed price to the executors for the plaintiff's benefit. That money, we must assume, has been received by them, or is held by the executors for them; and now they ask a court of equity to quiet their title as against him, setting up mere technical defects in the proceedings. That such defects may be cured by a legalizing statute seems to us clear. Possibly it might be thought that a contrary rule was held in *Lucas v. Tucker*, 17 Ind., 41, but a careful examination of the case, we think, will show otherwise. The sale in that case was of real estate in Indiana. It was made by persons who had been appointed executors in Ohio, but who were not reappointed in Indiana. It was thought that such sale could not be legalized. The difficulty was that the persons assuming to act as executors could not be recognized as such in Indiana. That difficulty does not exist in the case at bar,—Hunt and Cowdry were reappointed in this state.

One position remains to be noticed. It is claimed that the statute does not apply on account of a certain qualifying provision which it contains. It is provided that if, at the time of the execution and delivery of the deed, letters testamentary have been granted in this state, (as was done in this case,) the conveyance shall be subject to all the rights acquired under the appointment and letters granted in this state. The plaintiffs rely upon this provision. But their rights, whatever they were, were not acquired under the appointment and letters granted. The rights referred to in the statute are evi-

dently of a different kind. It is not necessasy to undertake to specify all the rights which might be acquired, but we may illustrate by saying that, if letters had been issued to some person other than Hunt and Cowdry, such person would have had a right of administration; and creditors who had proved their claims properly would, in the absence of personal notice, have had a right to have the land in question sold for their benefit. But the appointees were the executors named in the will, and the very persons who made the sale, and who made it, so far as the petition shows, strictly under the provision of the will, and for the plaintiffs' benefit.

In our opinion the court erred in overruling the defendant's demurrer.

REVERSED.