[Filed January 21, 1891.]

## EMMA McCULLOCH v. E. A. ESTES.

GUARDIAN'S SALE—WHEN SUSTAINED.—Where the question as to a guardian's sale of lands of his ward arises collaterally and the pleadings do not attack the proceeding for want of jurisdiction, and where the record discloses jurisdiction, both of the parties and of the subject matter, the sale will be sustained.

IRREGULARITIES—JUDICIAL SALES.—Mere irregularities of proceedings, though of so grave a character as to render a judicial sale inoperative, may be deprived of their evil consequences by subsequent legislation.

Josephine county: L. R. WEBSTER, Judge.

Plaintiff appeals.    Affirmed.

C. A. Sehlbrede, for Appellant.

W. M. Colvig, and P. P. Prim, for Respondent.

LORD, J.—This is an action in ejectment to recover the possession of certain real property particularly described herein and situated in Josephine county of this state.    The only question raised is, as to the validity of the proceedings for the sale by the guardian of the interest of plaintiff in such land.    It arose in the progress of the trial out of an objection to the report of the sale, confirmation, and deed of the guardian of the plaintiff's interest in such real property. The sale was made by the guardian in pursuance of an order regularly made by the county court of Lane county, but the place designated in the order for the sale was at the court-house door in Lane county.    The contention is, that the sale was void for the reason that the land was situated in what was then Jackson county, and should have been sold there instead of at the court-house door in Lane county.    The Code provides:  "In order to obtain a license for such sale, the guardian shall present to the county court of the county in which he is appointed guardian, a petition therefor, setting forth the condition of the estate of his ward, and the facts and circumstances under which it is founded, tending to show the necessity or expediency of such sale, which shall be verified by the oath of the petitioner." (Hill's Code, § 3118.) The record discloses a compliance with all the requirements of the statute to procure the order, and it is admitted that the court ordering the sale had jurisdiction to make such

order, but that it erred in specifying the place at which the property was sold, and thereby vitiated its proceedings. The statute does not designate the place at which the land is to be sold, but provides that such guardian, before fixing the time and place of the sale, shall, etc. (Hill's Code, § 3123.) By some it is thought that either county may be designated as may be deemed best under the circumstances. The claim for the plaintiff is, that the sale by the guardian should have been in the county where the real property is situated, and that the sale was rendered void in not so making it. Assuming, without deciding that the contention for the plaintiff is correct, the case presented is that of a court having jurisdiction in the premises exercising it erroneously. In such case, after jurisdiction has attached, no principle of law is better settled than that mere defects or irregularities which may have resulted from the exercise of jurisdiction, cannot be taken advantage of in a collateral way, as is sought to be done in the present action. The defect was not of a jurisdictional character. Upon the facts presented, the court was authorized to make the order for the sale of the property. This is conceded as well as the jurisdiction of the person, and the defect, if defect it be, crept in after jurisdiction was acquired. In a word, it is admitted that the record contains a recital of all the facts necessary to confer jurisdiction, and within the principle laid down in *Heatherly* v. *Hadley,* 4 Or. 1, it is conclusive when attacked collaterally. In *Walker* v. *Goldsmith,* 14 Or. 125, it was said: "Where the question as to a guardian's sale of the lands of his ward arises collaterally, and the pleadings do not attack the proceedings for want of jurisdiction, and where the record discloses on its face jurisdiction, both of the parties and of the subject matter, the sale must be sustained." And in *Wright* v. *Edwards,* 10 Or. 307, it is said: "Where there is matter of substance upon which jurisdiction can hinge, mere errors or defects, although material in some respects, but which might have been avoided on appeal, cannot avail to condemn a judicial proceeding when, by lapse of time, an appeal is

barred, which has become the foundation of title to property." (*Morrill* v. *Morrill, ante,* p. 96.) This of itself would be sufficient to defeat the contention for the plaintiff; but it is not all. To remedy defects or irregularities which may affect judicial sales, we have a curative act designed to meet such cases. Section 3 provides: "All sales  *  *  * by guardians of their wards' real property in this state to purchasers for a valuable consideration which has been paid by such purchasers to such guardians or their successors, in good faith, and such sale shall not have been set aside by the county or probate court, but shall have been confirmed or acquiesced in by such county or probate court, shall be sufficient to sustain  *  *  * a guardian's deed to such purchaser for such real property; and in case such deed shall not have been given, shall entitle such purchaser to such deed, and such deed shall be sufficient to convey to such purchaser all title that such ward had in said real property, and all irregularities in obtaining the order of the court for such sale, and all irregularities in making or conducting the same by such  *  *  * guardians, shall be disregarded." (Laws, 1889, 69.)

The case before us comes directly within the purview of this statute, which was intended to obviate or cure such defects or irregularities as is sought to be made available in this action. Where the defects are not jurisdictional in their character, it is held that they may be validated by a subsequent curative act of the legislature. Mr. Freeman says: "But mere irregularities of proceeding, though of so grave a character as to render a judicial or executive sale inoperative, may be deprived of their evil consequences by subsequent legislation." (Freeman Void Jud. Sales, § 55.) So that, however we may regard this case, no error is discovered, and the judgment must be affirmed.