## FULLER *v.* HAGER.

83 Pac. 782.

GUARDIAN AND WARD—EFFECT ON GUARDIAN'S SALE OF NOT TAKING SPECIAL OATH REQUIRED BY STATUTE.

1. Under Section 5602, B. & C. Comp., requiring a guardian to take a special oath before fixing the time and place of a sale of real property belonging to his ward, the prescribed oath must be so taken or the purchaser at the sale will not obtain a good title.

GUARDIAN AND WARD—SALES BY GUARDIAN—IRREGULARITIES—SUBSEQUENT VALIDATION BY LEGISLATURE.

2. The failure of a guardian, in making a sale of his ward's land, to take the oath prescribed by B. & C. Comp. § 5602, before fixing the time and place of sale, as required by such section, does not affect the jurisdiction of the court to license or confirm the sale, or of the guardian to make it, but is an irregularity in a matter of procedure, which the legislature could and did cure by Laws 1899, p. 64, § 3, validating guardians' sales made to purchasers in good faith and confirmed or acquiesced in by the county or probate court, notwithstanding irregularities in making or conducting the same.

CURATIVE STATUTES—RETROACTIVE OPERATION.

3. The legislature may, unless prohibited by the constitution, retrospectively validate or legalize judicial or execution sales, although the defects or irregularities therein are such as to render such sales inoperative, provided it does not undertake to infuse life into proceedings utterly void for want of jurisdiction.

From Morrow : WILLIAM L. BRADSHAW, Judge.

Action by Arthur T. and James L. Fuller, minors, by Kate A. Foor, their next friend, against James M. Hager, resulting in a judgment for defendant, from which plaintiffs appeal.    AFFIRMED.

For appellants there was a brief over the names of *Carson & Cannon* and *C. E. Woodson*, with an oral argument by *Mr. A. M. Cannon.*

For respondent there was a brief with oral arguments by *Mr. James A. Fee* and *Mr. Gilbert Walter Phelps.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is an action of ejectment to recover the possession of certain real property in Morrow County. The only question raised is as to the validity of a guardian's sale of plaintiffs' interest in the land. The sale was made December 14, 1889, by the guardian to the defendant at public auction,

in pursuance of a license or order of the county court, and the purchase was made and the purchase price paid to the guardian in good faith.   The sale was reported to and regularly confirmed by the county court on January 7, 1890, a guardian's deed made to the purchaser on January 10th, and he has ever since been in possession of the property.

1. The contention is that the sale was invalid because the guardian did not' take the oath required by law before fixing the time and place of sale, or at all until four days before the sale.   Section 5602, B. & C. Comp., provides:

"Such guardian shall, before fixing on the time and place of sale, take and subscribe an oath, before the county judge, or some other officer competent to administer the same, in substance as follows : That in disposing of the estate which he is licensed to sell, he will use his best judgment in fixing the time and place of sale, and that he will exert his utmost endeavors to dispose of the same in such manner as will be most for the advantage of all persons interested therein."

And Section 5611 declares:

"In case of an action relating to any estate sold by a guardian under the provisions of this chapter, in which the ward or any person claiming under him shall contest the validity of the sale, the same shall not be avoided on account of any irregularity in the proceedings : *Provided*, it shall appear (1) that the guardian was licensed to make the sale by a county court of competent jurisdiction ; (2) that he gave a bond that was approved by the county judge; (3) that he took the oath prescribed in this chapter; (4) that he gave notice of the time and place of sale as prescribed by law; and (5) that the premises were sold accordingly at public auction, and are held by one who purchased them in good faith."

The selection of the time and place of sale by a guardian in advance of taking the prescribed oath is, under the decisions construing similar statutes, fatal to the purchaser's title : Freeman, Void Judicial Sales, § 22 ; *Gager* v. *Henry*,

5 Sawy. 237 (9 Fed. Cas. No. 5172); *Blackman* v. *Baumann*, 22 Wis. 611 ; *Wilkinson* v. *Filby*, 24 Wis. 441; *Ryder* v. *Flanders*, 30 Mich. 336; *Bachelor* v. *Korb*, 58 Neb. 122 (78 N. W. 485, 76 Am. St. Rep. 70).

2. But the defect or irregularity in the proceedings complained of in this case was, we think, cured, and the sale validated, by a subsequent curative act of the legislature which provides—

"All sales by * * guardians of their wards' real property in this State to purchasers for a valuable consideration, which has been paid by such purchasers to such guardians or their successors in good faith, and such sales shall not have been set aside by the county or probate court, but shall have been confirmed or acquiesced in by such county or probate court, shall be sufficient to sustain a * * guardian's deed to such purchaser for such real property ; * * and all irregularities in obtaining the order of the court for such sale, and all irregularities in making or conducting the same by such * * guardian, shall be disregarded": Laws 1899, p. 64, § 3.

3. It is a well-recognized rule of law that the legislature may, unless prohibited by the constitution, validate or legalize, retrospectively, judicial or execution sales, even though the defects or irregularities therein are of so grave a character as to render them inoperative, so long as it does not undertake to infuse life into proceedings utterly void for want of jurisdiction: Freeman, Void Judicial Sales, 57 ; Endlich, Interp. Stat. § 291; *Wilkinson* v. *Leland*, 27 U. S. (2 Pet.) 627 (7 L. Ed. 542); *Sohier* v. *Massachusetts Gen. Hospital*, 3 Cush. 483 ; *Sanders* v. *Greenstreet*, 23 Kan. 425 ; *Smith* v. *Callaghan*, 66 Iowa, 552 (24 N. W. 50); *Boyce* v. *Sinclair*, 3 Bush, 261. Mr. Cooley says : "There is no doubt of the right of the legislature to pass statutes which reach back to and change or modify the effect of prior transactions, provided retrospective laws are not forbidden, eo nomine, by the state constitution, and provided further, that no

other objection exists to them than their retrospective character. * * The rule applicable to cases of this description is substantially the following : If the thing wanting, or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act, which the legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law"; Cooley, Const. Lim. (6 ed.) 455–457 ; Cooley, Const. Lim. (7 ed.) 529–531. See, also, *Stanley* v. *Smith,* 15 Or. 505 (16 Pac. 174); *Grady* v. *Dundon,* 30 Or. 333 (47 Pac. 915); *Nottage* v. *Portland,* 35 Or. 539 (58 Pac. 883, 76 Am. St. Rep. 513).

Now, the taking by a guardian of an oath after obtaining a license for the sale of his ward's property, and before fixing the time and place of sale, was a matter which the legislature might have dispensed with entirely in the first instance. It did not affect the jurisdiction of the court to license or confirm the sale, or the guardian to make it, but was merely a matter of procedure. It was therefore within the power of the legislature to validate by subsequent act a departure from the prescribed method. It could have authorized the sale in the first instance without requiring the oath, and so could render a failure to take it immaterial by subsequent law. This is the effect and construction given the curative act now under consideration by this court in *McCulloch* v. *Estes,* 20 Or. 349 (25 Pac. 724). That was an action by a ward to recover lands sold by his guardian. The objection to the validity of the sale was that the guardian did not give "notice of the time and place of sale as prescribed by law"—a matter made as important and essential by Section 5611 as the taking of the oath.

The court said : "The case before us comes directly within the purview of this statute, which was intended to obviate or cure such defects or irregularities as is sought to be made available in this action." The curative act of 1899 did not attempt to amend, repeal or modify the law governing a sale by a guardian of his ward's property, but was intended to, and did, cure such defects in proceedings already had as did not go to the question of jurisdiction.

It follows that the judgment must be affirmed, and it is so ordered. AFFIRMED.

---

Decided 4 December, 1905.