Edward P. Lawton, Plaintiff and Appellee, *v.* Porto Rico Fruit Exchange et al., Defendants and Appellants.

No. 4925.   Argued March 21, 1930.—Decided May 20, 1931.

*O. B. Frazer* and *R. Castro Fernández* for appellant Porto Rico Fruit Exchange. *J. H. Brown, C. Ruiz Nazario,* and *G. E. González* for appellant Lessesne. *Coll y Cuchí & Cruzado Silva* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The suit in which this appeal originated was brought in the District Court of San Juan to annul the proceedings had in another case before one of the municipal courts of this city, the judgment rendered in that case, the sale of the

property of the defendant therein (plaintiff here), and the record of said sale in the registry of property; and to recover damages from the plaintiff in the former action and from the purchaser at the judicial sale. Judgment having been rendered against the two defendants, the latter have appealed therefrom, prosecuting their appeals jointly but filing separate briefs.

The appellants have assigned many errors, substantially similar, but after examining the case we deem it sufficient to consider and determine only such assignments as refer to the contention that the judgment is not supported by the evidence.

Suit No. 11920, the nullity of which is involved, was commenced in the municipal court by the filing of a verified complaint, on July 22, 1924, by the Porto Rico Fruit Exchange, a corporation, against Edward P. Lawton to recover $451.24. It was therein alleged that ever since 1920 the defendant had a current account with the plaintiff for goods and money which the plaintiff furnished to the defendant, in which some payments on account were made; that since April 21, 1921, some three years before the filing of said complaint, the said account has shown a balance in favor of the plaintiff amounting to $451.24, according to the itemized statement attached to the complaint, and that said balance has not been paid notwithstanding the demands for payment made, for which reason plaintiff demanded judgment for this sum, together with legal interest thereon and costs.

In support of the judgment appealed from the district court made the following findings:

"On July 22, 1924, the P. R. Fruit Exchange filed a complaint in the Municipal Court of San Juan, P. R. (First Section), against Edward P. Lawton to recover the sum of $451.24, the balance of a current account kept by said Lawton during 1920 with the P. R. Fruit Exchange for goods and cash which the latter had delivered to the former. It is stated in the third paragraph of the complaint that the then defendant, Mr. Lawton, in his turn periodically made

partial payments to apply to the total indebtedness. An itemized account was attached to the complaint. We have before us the record of case No. 11920 of the Municipal Court of San Juan (plaintiff's Exhibit B) containing the aforesaid complaint and all the other proceedings to which we shall presently refer. There appears on page 8 of the said record a letter written in English, signed by Edward P. Lawton, and by him acknowledged as authentic. It was dated July 24, 1924.

"The said letter, written by Lawton to Mestre & Loret, who were then the attorneys for the P. R. Fruit Exchange, contains, among other statements, the following:

"That on the day before the letter was written he had received 'the court summons' in the case of the P. R. Fruit Exchange against him for an alleged debt of $451.24. He further replied that he had never refused to pay all his just debts to the Fruit Exchange, of which he was a member; that for the last two or three years of his membership he had found that the accounts were not accurately kept; since already in the year 1919–1920 there had been a discrepancy of some $300 in the balance made up; that in 1921 he had found an error of some $250 in the accounts, to which error he had called attention and notwithstanding this they persisted in claiming from him the sum of $450; that Lawton was willing to arbitrate the matter by having an expert accountant go over the accounts. He alleged in short that he would not pay the account until he had been shown to be in the wrong. In the last paragraph of his letter he said textually: 'If it is desired to push the matter in the Courts I will appoint a lawyer to represent my interests and will request time to obtain the papers and accounts now in the States, which will prove my contention.'

"It appears from record No. 11920 (page 4) that on June 23, 1926, Salvador Mestre, attorney for plaintiff, P. R. Fruit Exchange, filed an affidavit in which he stated that the original record in the municipal court had been mislaid and in order that the same could be reproduced he enclosed with the affidavit a true and faithful copy of the complaint as well as a copy of the summons duly served on July, 23, 1924, the notice of judgment served on defendant, Edward P. Lawton, and a letter from the latter (the same letter above referred to.)

"The original summons, alleged to have been issued by the court, is not shown from the record before us.

"The so-called summons submitted by attorney Salvador Mestre bears no date, nor is it signed by the clerk or any deputy clerk of

the municipal court. The following sworn statement appears on the back of the document:

" 'I, Luis Fajardo, being duly sworn, depose and say: That I am over 18 years of age and reside in San Juan; that I have no interest in the subject matter of the above-entitled action, nor am I a party thereto; that I received the annexed summons at 10 o'clock on the morning of July 23, 1924, and at one o'clock on the afternoon of the same day, I personally served the same upon the defendant, Edward P. Lawton, by delivering to the said defendant and leaving with him, personally, a copy of the complaint referred in said summons, and a statement over my signature at the back of said summons of the place and date of its delivery and service. (Signed) Luis Fajardo.

" 'Sworn to and subscribed before me by Luis Fajardo, of age and resident of this city, whom I personally know, at San Juan, P. R., this 10th day of June, 1926.

" ' (Signed) Rafael Aldea Bigles,

" ' (Signed) Raf. del Manzano, Clerk of Court.'

"Then there appears a motion of the plaintiff dated February 8, 1926, praying for the entry of the default of defendant Lawton. (It should be observed that this motion was dated June 8, 1926, or two days prior to June 10, 1926, which is the date of the oath to the summons just above transcribed.) There is at the foot of said motion an entry of default dated July 6, 1926. There is then a motion for an attachment dated June 9, 1926. This is followed by an order of the court granting the said motion and bearing date of July 7, 1926.

"There appears then the default judgment entered by the clerk of the court, dated July 6, 1926. There follows a motion of the plaintiff, addressed to the judge of the municipal court, praying for an order directed to the marshal of the said court for the execution of the judgment so entered.

"On page 16 of the said record there appears an order which literally copied reads as follows:

"Having considered the motion of the plaintiff for execution of the judgment, the same is granted and the execution of the judgment in the present case is ordered. Let the clerk issue the proper writ to the marshal of this court for its execution.

"San Juan, P. R., August 27, 1926.

" ' (Signed)    José S. Aybar,
Municipal Judge of San Juan,
First Section.'

"There then appears, on page 19, a writ of execution issued by the clerk of the Municipal Court of San Juan to the marshal of the Municipal Court of Carolina, P. R.

"Other proceedings then follow, and finally on page 29, the last page, there appear the minutes of the public auction by virtue of which the piece of real property belonging to Lawton was sold to the highest bidder, the defendant in the present action, Edward B. Lessesne. This auction took place on September 27, 1926."

In view of the foregoing facts, the lower court reached the following conclusions: That it is very significant that the suit should have remained stationary for two years and that it should be proceeded with when the defendant might think, in view of his letter to the attorneys, that the case had been discontinued in the court; that the summons is not signed by the clerk, and hence it violated section 89 of the Code of Civil Procedure; that it is stated in the return of service of the summons that on the date of the affidavit the person who made it was over 18 years of age, but affiant failed to state that he was 18 years old two years previously when he served the summons; and that the summons being very defective the court acted without jurisdiction and therefore the judgment was void; that the correction of the record was not ordered by the court, as required by section 344 of the Code of Civil Procedure; that the sale of the properties was void because it was made by the marshal of the Municipal Court of Carolina without an order from the Municipal Court of San Juan; and that the notice advertising the sale was not published for the full period of twenty days fixed by subdivision 2 of section 251 of the Code of Civil Procedure. These conclusions are challenged by the appellants.

It is not known precisely when the record in the municipal court was lost or mislaid. We only know that two years after the commencement of the action, a substitution of the record was sought because the original had been lost; but this it not ground for the lower court to maintain that it is

very significant that the case had remained stationary for two years, because any suspension of a litigation for the same or a longer period does not justify any conclusion adverse to the plaintiff, as the lower court seems to think, except a lack of diligence on the part of the plaintiff in prosecuting the action. Nor does it warrant the conclusion that the plaintiff was justified in thinking that the action had been discontinued as the result of the letter written by him to counsel for the plaintiff corporation.

The affidavit of plaintiff's attorney, which has not been challenged, shows that he presented in the municipal court the summons served on the defendant and the motion for judgment, and that the record was lost. It appears from the affidavit made by Luis Fajardo that he served a copy of the complaint on Edward P. Lawton on July 23, 1924, that is, on the day following the filing of the complaint, which fact was also proved by the letter from the said Lawton to the attorneys for the other party. These affidavits and the letter from Lawton were sufficient for the court to acquire jurisdiction of the defendant, although owing to the special circumstances of the present case the original summons issued by the clerk can not now be produced, it having been lost after it was served at the time of the filing of the complaint. The acknowledgment made by the defendant that he had been notified of the complaint on July 23, 1924, was sufficient to give the court jurisdiction over him, conformable to subdivision 4 of section 97 of the Code of Civil Procedure, according to which the written admission of the defendant is proof of the service of the summons and of the complaint. The fact of service of the summons, and not the certificate or affidavit of service, is what gives jurisdiction to the court. *Ortiz et al.* v. *San Miguel,* 34 P.R.R. 222; *Herman* v. *Santee,* 103 Cal. 519. In view of such acknowledgment by the defendant, it is immaterial in the instant case that it does not clearly appear that the person who served the summons was

at the time above the age of 18 years, if the original summons issued by the clerk had been lost and could not be produced; or that it does not appear that the defendant had been warned that if he failed to appear and answer the complaint the plaintiff could apply for the relief demanded in the complaint. But even granting that he was not so cautioned, the defect was not of such a character as entirely to deprive the court of jurisdiction and to render the summons itself and all the proceedings had thereafter absolutely null and void, as stated by us in *Buonomo* v. *Succession of Juncos,* 28 P.R.R. 380, 383, and in another case there cited.

As to the failure to affix the seal of the municipal court to the summons presented, it is sufficient for us to recall that. what has been presented is a copy of the summons, as the original filed in the court had been lost; and that municipal courts have no seal, according to section 18 of the Code of Civil Procedure.

The ground for nullity to the effect that the court failed to order the correction of the record, in accordance with section 344 of the Code of Civil Procedure, is without merit, because such an order was unnecessary since the record had been found, with the exception of the return of service of the summons. Such service, admitted by Lawton in his letter referred to by us and acknowledged by him at the trial, was sufficient for applying for and obtaining the default judgment.

In 33 Corpus Juris, pp. 1092–1093, it is said:

"Although the service of process may have been defective or irregular, the judgment will not necessarily be void. Advantage of such a matter should be taken by a proper motion or proceeding in the action. It is only when the attempted service is so irregular as to amount to no service at all that there can be said to be a want of jurisdiction rendering the judgment void; otherwise the judgment is at most voidable, and not even voidable if the defect is waived. No more definite general rule can be stated for determining what defects are fatal and what are mere irregularities."

And from Note 76 to the text on p. 1092 of the same volume we transcribe the following:

"The distinction is in fact clear. If an attempt at service is made, and actually reaches the defendant, although it be not made or returned in the form and manner required by law, there is presented a case where jurisdiction attaches so far as to render a judgment good against collateral attack."

The circumstance that the motion for a judgment by default was dated two days prior to the execution of the affidavit in which Fajardo stated that he had served Lawton with the summons, is without importance, as nothing appears from the record to show that such motion had been filed before said affidavit.

We now turn to the defect considered by the lower court as the most important one for annulling the auction held and the title of the purchaser, on the ground that the marshal of the Municipal Court of Carolina made the execution sale without a writ from the Municipal Court of San Juan, which had tried the case.

On the day following the filing of the motion for a default judgment there was filed a motion for an attachment. Upon the entry of such judgment, the municipal court granted the latter motion and ordered the attachment of the properties of the defendant by means of a writ issued by the clerk to the marshal of the court or to the marshal of the proper municipal judicial district, as the plaintiff might request. When the execution of the judgment was sought a motion was filed in the court for an order directing the marshal to execute it. This motion was granted and the court directed the clerk to issue the proper writ to the marshal of the court. The writ was issued by the clerk to the marshal of the Municipal Court of Carolina, who sold properties belonging to Lawton and located within his district.

The case of *Solá* v. *Castro et al.*, 32 P.R.R. 740, relied on by the lower court in declaring void the procedure followed by the marshal of the Municipal Court of Carolina, is not ap-

plicable in the instant case because the question decided there was that the marshal of a court has no authority to endorse a writ issued to him, to the marshal of another district. In the instant case the writ was issued to the marshal of the Municipal Court of Carolina by the clerk of the Municipal Court of San Juan. Furthermore, although the attachment of property to secure the effectiveness of a judgment requires an order of the court, no such requirement exists for the issuance of execution, since in none of sections from 239 to 268 of the Code of Civil Procedure, which treat of the execution of judgments, an order of court is required, except as provided in section 243 in the case of the lapse of five years without the judgment being executed if the recovery of money is not involved. The reason why leave of court is made necessary in such a case is that before the lapse of the five years no such leave is required. It is, therefore, a ministerial duty of the clerk to issue the writ of execution of the judgment in every case not covered by section 243. The clerk has power, without a previous order of the court, to issue an execution. *Dorn* v. *Howe,* 59 Cal. 129. The issuance of a writ of execution is a ministerial act on the part of the clerk. 11 Cal. Jur. p. 42; *Hidalgo* v. *Crosefield,* 17 Philippine Reports 466; 3 Bancroft, sec. 2575, p. 1941. Therefore, an order of court directing the marshal to execute the judgment may be considered as superfluous; and as there was a judgment for the payment of money, the clerk of the Municipal Court of San Juan, had power, under section 245 of the Code of Civil Procedure, to issue the writ to the marshal of the Municipal Court of Carolina where the properties to be attached were located. Apart from all the foregoing, the court in its judgment directed the clerk to issue a writ of execution and, in granting the motion to secure the effectiveness of the judgment, it ordered the issuance of a writ of attachment to the marshal of the court or to any marshal designated by the plaintiff.

Another ground for the judgment appealed from was the

failure to publish the notice (*edicto*) of sale of Lawton's properties for the full period of twenty days fixed by sub-division 2 of section 251 of the Code of Civil Procedure. This section provides that notice of the sale must be given by posting the notice for twenty days, in three public places of the district or city where the property is located, or by publishing a copy of such notice once a week for the same period, in some newspaper published in the district, if there be one. Therefore, the public auction may be advertised in two ways. In the instant case it was shown, without contradiction, that the public auction was advertised by posting a notice thereof for more than twenty days in the municipal court, in the post office, and in the city hall at Carolina; also in the post office and in the city hall at Trujillo Alto. Compliance was thus had with the statute, and the fact that the notice was also published in a newspaper, for 18 days, does not render the public auction void, because the posting of the notice in three public places in the municipal district satisfied the requirements of the statute and dispensed with the necessity of publishing the notice in a newspaper. In any event, such defect—if it be one—would not render the sale void when collaterally attacked in a proceeding such as the present one. *Blood* v. *Light,* 38 Cal. 649; *McCullough* v. *Estes,* 25 Pac. 724.

The lower court also said in its opinion: "It was also established by the testimony of Lucas Castro, a witness for the defendants, that he had been one of the bidders at the public auction held and that in the said auction defendant Lessesne had said: 'That his only interest was to raise the bids.' This witness said something else, to wit: 'For I wish to give the owner of this property, who is in Europe, an opportunity to buy the property if he wants to, and if he does not care to buy it and you want to buy it you may do so'."

The above statement of the court seems to contain an implication of fraud or bad faith; but the fact that one of the three bidders who attended the auction should say what the

court stated does not constitute fraud, because a desire to have the property awarded at a high price was not prejudicial to the execution debtor but rather in his favor. Besides, according to this witness he bid $750 and would perhaps have gone as high as $1,000, but the sale fetched a higher price. The defendant also admitted at the trial that Lessesne would testify that there was no duress of any sort at the public auction. In view of the foregoing, we can not conclude that there was fraud or anything prejudicial to the interests of the judgment debtor.

As the proceedings in the municipal court have not been shown to be void, it is unnecessary to consider other questions raised. The judgment appealed from must be reversed and another rendered instead dismissing the complaint, without special imposition of costs.