PURSLEY *et al.* v. HAYS *et al.*

1. **Guardian:** SALE OF REAL ESTATE: PRESUMPTION. In the absence of anything on the face of the record showing that a license to a guardian to sell the real estate of his ward, or the sale itself, is void, the proceedings will under the statute be presumed to be regular.

2. —— ESTOPPEL. The receipt by minors after attaining their majority of the proceeds arising from the sale of their real estate, during their minority, by their guardian, with full knowledge of all the facts in regard to such sale, operates as a ratification thereof; and estops them from denying its validity.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 22.

THE plaintiffs commenced their action under chapter 144 of the Revision of 1860, to recover possession of certain

lands. The defendants filed their separate answers, the fifth division being in substance as follows, to wit: "Defendant avers that each of said plaintiffs, after the sale of said real estate by their guardian, J. C. Jones, as heretofore set out, and after each of said plaintiffs were of full age and discretion in·law, said plaintiffs received from the said John C. Jones, as their guardian, the purchase-money so realized by him from the sale of said real estate, and receipted for the same, and took said money to their own use and benefit, well knowing the premises and the facts in regard to said sale, and well knowing that defendant was in possession and claimed said real estate by virtue of a title derived from a purchase at said sale." Each filed the same answer, *mutatis mutandis.* The plaintiffs filed their demurrers to said fifth division of the answer, assigning seven causes, but relying upon the first three, which are as follows, viz.: 1st. The answer does not aver any act or thing done by the said plaintiffs upon which the defendant, or the one under whom he claims, was induced to, and did make the purchase at the alleged guardian's sale. 2d. The answer does not allege any facts inconsistent on the part of the plaintiffs, with the assertion of their title to the land claimed by defendant. 3d. The answer does not aver that the defendant made any improvements on the land, or was induced to purchase or occupy it, because of any acts, admissions or doings of the plaintiffs, nor from any omissions or neglect on their part." The said demurrers were overruled, and plaintiffs excepted, and assign for error the overruling said demurrers.

*B. N. Kinyon* for the appellants.

*C. C. Nourse and Jeff. S. Polk* for the appellees.

DILLON, J. — The sale of the plaintiffs' real estate by Jones, the guardian, was, as alleged in the prior divisions

Pursley v. Hays.

**1. GUARDI-AN: sale of real estate.** of the answer, referred to in the count or division under consideration, by virtue of an order or license of the County Court, a tribunal invested by our law with the jurisdiction or power to make such an order. There is nothing in the record, so far as it is before us, showing that the order for this sale, or the sale itself was void, and under our statute (Rev., 4120), the proceedings are to be presumed regular. Infancy, it must be remembered, is to be used as a shield, and not a sword. **2. —— Es-toppel.** This was true to a great extent, at common law, (2 Kent Com., 240), and it is true to a much greater extent under our Statute. Rev., ch. 104. It is not to be allowed as a protection against acts which would work a positive fraud upon the rights of others. If, as set forth in the answer, the plaintiffs, after they attained their majority, with full knowledge of all the facts in regard to the said sale, that is, with full knowledge of its alleged invalidity and of their rights, elected to receive and still retain the money which was the produce of said sale, it would, indeed, be most strange if the law would permit them to have both the land and the purchase-money. The sale does not appear to be void, and is, therefore, clearly capable of confirmation; and the acts alleged would, if proved, clearly establish a ratification of it, or, at all events, an estoppel upon the plaintiffs. The judgment of the court on the demurrer is affirmed, and the cause will be remanded for further proceedings not inconsistent with this opinion.

Affirmed.