DANIEL FAVILL, Respondent, *v.* GILBERT L. ROBERTS et al., Appellants.

Where a will gives to the executor no authority to sell the testator's real estate or to control it, but with the knowledge of the heirs he applies to the court and obtains an order authorizing him to sell, and with the consent and at the request of the heirs he does negotiate a sale, receives the purchase-money and conveys by deed, the heirs also informing the purchaser that the executor is the authorized agent to make the sale; the purchaser has a right without further inquiry to rely upon the truth of such assurances, and the heirs are estopped from disputing them or thereafter asserting title to the land conveyed upon the ground of want of authority in the executor. And where the purchaser has paid the contract-price, entered into possession, and made valuable improve-

ments, with the knowledge of the heirs, he can maintain an action against them to compel them to execute a conveyance to him so as to give him a valid title of record. (ALLEN, J., dissenting.)

The cases of *Brewster* v. *Striker* (2 N. Y., 19) and *Striker* v. *Mott* (28 id., 82), distinguished.

(Argued June 13, 1872 ; decided November 12, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the decision of the court at Special Term. (Reported below, 3 Lans., 141.)

This action was brought by the plaintiff to compel the defendants, heirs of John Roberts, to execute a conveyance to him of a certain farm in the town of Reading, in Schuyler county, which Lewis Roberts, one of the executors of the last will and testament of said John Roberts, agreed and undertook to convey to the plaintiff. The facts sufficiently appear in the opinion.

The court below decided that defendants were in equity bound by the agreement entered into by Lewis Roberts as executor, and were estopped from questioning his authority, and that plaintiff was entitled to a judgment directing defendants to make, execute and deliver a good and sufficient deed of the premises. Judgment was entered accordingly.

*E. H. Berm* for the appellants. Defendants will not be compelled to make a contract they never made or agreed to make. (*Stoddard* v. *Hart*, 23 N. Y., 557, 562, 563 ; *Botsford* v. *McLean*, 45 Barb., 482 ; *Kent* v. *Manchester*, 29 id., 597, 598.) There can be no estoppel *in pais* in behalf of one having full knowledge of all the facts. (*Brewster* v. *Striker*, 2 N. Y., 19 ; *Striker* v. *Mott*, 28 id., 82 ; *Baker* v. *Union Mut. Ins. Co.*, 43 id., 283, 289 ; *Crawford* v. *Lockwood*, 9 How., 550.) Standing by and suffering a third person to make improvements on one's land does not divest the owner of title nor create an estoppel. (*Christianson* v. *Linford*, 3 Robt., 215 ; *Miller* v. *Platt*, 5 Duer, 273 ; *Swick* v. *Sears*, 1 Hill, 17 ; *Babcock* v. *Utter*, 32 How., 450 ; 1 Keyes, 407.) The

court erred in receiving declarations of third persons, not parties to the action, as proper evidence to prove an estoppel. (*Lounsbury* v. *Depew*, 28 Barb., 47, 48, 49; *Reynolds* v. *Lounsbury*, 6 Hill, 534; *Pennel* v. *Hinman*, 7 Barb., 644; *Carpenter* v. *Stilwell*, 11 N. Y., 73, 74; *Jones* v. *Hurlburt*, 39 id., 403, 406; *Lewis* v. *Woodworth*, 2 Comst., 512; *Christianson* v. *Linford*, 3 Robt., 215.)

*David B. Prosser* for the respondent. Verbal authority to Lewis to enter into an agreement for the sale of the premises was sufficient. ( *Wharton* v. *McMahon*, 10 Paige Ch. R., 386; *Chapman* v. *Parrish*, 11 id., 405; *Newton* v. *Bronson*, 15 N. Y., 587.) Defendants not asserting any right or interfering in any way with plaintiff's improvements, are in equity estopped from asserting any claim now or from denying Lewis' authority. (1 Story's Eq. Jurisp., §§ 384, 387; *Wendell* v. *Van Rensselaer*, 1 John. Ch. R., 354; *Storrs* v. *Baker*, 6 id., 166; *Lown* v. *Needham*, 3 Paige Ch. R., 555; *Dennison* v. *Ely*, 1 Barb. Ch. R., 619; *Malin* v. *Malin*, 1 Wend., 687, 688; *Higginbotham* v. *Burnett*, 5 John. Ch. R., 188; *Wendell* v. *Van Rensselaer*, 1 id., 344.)

GROVER, J. The complaint states that John Roberts died, seized of the premises in controversy subject to certain incumbrances, leaving a last will by which he gave certain legacies to various of his children and heirs, and appointed several executors, among whom was his son Lewis Roberts, who qualified as such and entered upon the execution of the will. The will made no disposition of his real estate, or in any way charged the same with the payment of debts or legacies; nor did it confer any power upon the executors in respect thereto. Lewis Roberts, acting under the belief either that the will did confer some power of disposition upon the executors, or that the Supreme Court possessed power to authorize the executors to sell and convey the real estate in fee, employed an attorney to procure such authority from the court, who prepared and presented to the Special Term of that court a

petition praying for such authority. Upon the hearing of this petition the court made an order, authorizing Lewis Roberts to sell and convey the farm; that the appellants knew of the obtaining of this order; that the plaintiff and one Farrington, wishing to purchase a farm, and learning that the one in question was for sale, applied to Lewis Roberts to purchase it; that Lewis Roberts, with the consent and approbation of the appellants, entered into a written contract with Farrington for the sale of the farm to him; that Farrington subsequently assigned this contract to the plaintiff, to whom Lewis Roberts, pursuant to the contract, conveyed the farm; and the plaintiff, with knowledge of the appellants, went into possession and made valuable improvements. The judge found as facts, among others, that the appellants requested Lewis Roberts to act under the order of the Supreme Court, and sell the premises; and that the contract was made by Lewis with Farrington at their request; and that the appellants informed the plaintiff and Farrington that Lewis Roberts was the man to do the business, and was the authorized agent to sell the same; and that the money was paid to, and the deed given by Lewis, with their knowledge and consent. To these findings the appellants excepted. The question upon this exception is whether there was any evidence to sustain these findings. An examination of the testimony shows not only some, but almost conclusive evidence of the truth of such findings. The testimony shows that all the heirs, especially the appellants, desired to sell the farm; that they consulted together as to the price, and agreed upon a sum as satisfactory, and informed Lewis and Farrington; that each of the appellants told Farrington that Lewis was the one to do the business; that he had an order from the court authorizing him to sell, etc. Farrington and the plaintiff had a right to rely upon these assurances of the appellants so far as their interests were concerned. He had a right to presume that they knew the situation of their own title, that they were acquainted with the provisions of their father's will, and with the grounds upon which the order of the court, author-

izing Lewis to sell, was based; that they knew whether or not such order was valid. When, therefore, they assured Farrington, who was acting on behalf of the plaintiff, that they had an interest in the land, but that Lewis was authorized to sell such interest, and referred to him as the man to transact the business, and stood by while the bargain was negotiated, after they had agreed upon a price, Farrington and the plaintiff had the right, without further inquiry so far as they were concerned, to act upon the assumption of the truth of such assurances. They were under no obligation, as to them, to examine the will, the order or the papers upon which it was founded. There was nothing to excite suspicion. The plaintiff made the purchase and parted with his money in good faith. If the appellants knew that the order was invalid they were guilty of a gross fraud which would be successful unless they are estopped from disputing the assurances given by them upon which the plaintiff acted in making the purchase and parting with his money. Under these circumstances they are estopped. (*Storrs* v. *Barker*, 6 Johns. Ch., 166; *Higinbotham* v. *Burnet*, 5 Johns. Ch., 184.)

But suppose, what is more probable, that they were ignorant of the invalidity of the order of the court, and really believed that it conferred power upon Lewis to sell and convey their interest in the land; this will not aid the appellants. We have already seen that the plaintiff had the right to assume that they were acquainted with their own title, and with the extent of the authority of Lewis to dispose of their interest in the land, and to act upon such assumption. (See *Storrs* v. *Barker*, *supra.*)

The counsel for the appellants insists that a party is not estopped by his assurances as to the law. But the assurances of the appellants were not confined to this. Their correctness depended much more upon facts than upon legal conclusions. To determine whether Lewis was authorized by the order to make the sale, a knowledge of the contents of the will was necessary, and of the proceedings in procuring the order. Of these the plaintiff and Farrington

were ignorant; but the appellants were presumed to know. These might have been such as to make the order valid; and the plaintiff had the right to act upon the assurances of the appellants to this effect. After having so acted, paid his money, entered into possession, made valuable improvements with their knowledge, equity will estop them from asserting title to the land upon the ground of a want of authority in Lewis to make the sale. But this is an action by the plaintiff to compel them to execute a conveyance to the plaintiff so as to give him a valid title of record. The proof of the facts estopping the appellants from asserting title depends upon the testimony of witnesses which may be lost by their death. Under such circumstances an action in equity will be sustained to remove the cloud from and perfect and quiet the title. (*Wood* v. *Seely*, 32 N. Y., 105.)

The counsel for the appellants cites *Brewster* v. *Striker* (2 N. Y., 19). By the construction given to the will in this case it was held that the legal estate was vested in the executors during the life of the grandchildren of the testator. It followed that a judgment against one of them created no lien upon any portion of the lands, judgments being liens only upon the legal estate; and that a purchaser at a sale upon such judgment acquired no title. The fact that partition had been made between the grandchildren, and that the judgment debtor had for some time occupied the position assigned to him, had no effect upon the legal title. *Striker* v. *Mott* (28 N. Y., 82) was a case arising upon the same will. It was held that the estates of each third were limited as follows: To the trustees during the life of the grandchild, for whose benefit the same was devised; remainder to the issue of that grandchild, if any; but in case of the death of such grandchild, leaving no issue surviving, remainder to the surviving grandchildren and the issue of such as had died leaving issue. Partition was made between the grandchildren and releases executed by them, so as to make the same valid in case the grandchildren had seizin of the land. *Held*, that the grandchildren had no

legal estate, and, consequently, that nothing was acquired by such releases; and, further, that a grandchild, dying without issue, having no estate, could devise none by will.

It is obvious that these cases have no analogy to the present. The conversations between Farrington and Lewis Roberts were not competent to prove the authority of Lewis to sell, but merely to show by what authority he assumed to act, and the kind of title he proposed to convey. They were not received, so far as appears, for any other purpose. The declarations of the appellants, made after the contract was entered into, were competent to show their knowledge of and participation in negotiating the contract. It is immaterial whether these declarations were communicated to Farrington or the plaintiff. If not communicated to and acted upon by him no estoppel could be based thereon. The evidence proved that Cyrus Roberts knew of the making of the improvements, and tended to show that Gilbert did.

The judgment appealed from must be affirmed, with costs.

All concur, except ALLEN, J., dissenting, and FOLGER, J., not sitting.

Judgment affirmed, with costs.