ROBERT CRANE v. HATTIE H. LOWE *et al.*

No. 10524.

THOMAS T. WALLACE v. HATTIE H. LOWE *et al.*

No. 10525.

1. SALE OF LANDS BY FOREIGN EXECUTOR— *heirs held estopped, on facts, from disputing validity of, though no copy of will recorded, and widow made no election in Kansas.* The heirs of a deceased testator, who died, at his home in North Carolina, owning lands in Kansas, are estopped from recovering such lands after a sale and conveyance of them by the executor, where it appears that the sale was fairly made for the fair value of the land, and that the heirs were fully informed of the acts of the executor and knowingly received and retained the proceeds of the sales; and they cannot thereafter attack such sales either on the ground that a copy of the will was not recorded in the probate court of the county where the land is situated, before such sale was made, or that the widow failed to elect in Kansas to take under the will.

2. REVIVOR NOT REQUIRED — *where one tenant-in-common plaintiff dies; supplemental petition may set up inheritance by survivors.* Where a number of persons claiming to be tenants in common of lands join in an action for the recovery thereof, and one of them dies during its pendency, the surviving plaintiffs may continue the prosecution of the action for the recovery of their severable interests without a revivor; and where the survivors succeed to the rights of the deceased plaintiff by inheritance they may by supplemental petition set up the interest thus acquired and recover all their interests in the property.

Errors from Coffey District Court. Charles B. Graves, Judge. Opinion filed October 8, 1898. *Reversed.*

*C. B. Graves* and *G. E. Manchester*, for plaintiffs in error.

*J. Jay Buck* and *J. G. Hutchison*, for defendants in error.

ALLEN, J.  Two cases are submitted together.  Each is an action of ejectment brought by Annie P. Calloway and others to recover lands owned in his lifetime by James Calloway, under whom the plaintiffs claim the property as heirs.  The defendants claim title by purchase from the executor of Calloway's will.

Objections are made to the sufficiency of the records filed in this court and to the certificates of the clerk to the transcripts.  We think, however, that as explained by the stipulations of counsel attached to the petitions in error they are sufficient.  It appears from these stipulations that the certificate of the clerk, though apparently inconsistent with some of the papers included in the transcript, is really truthful; and that the cases were actually heard and determined on the pleadings appearing in the record, although some of the papers are entitled in other cases brought by the same plaintiffs against other parties.

The actions were commenced on July 21, 1888.  On the twenty-eighth of June, 1894, amended and supplemental petitions were filed alleging the death of Annie P. Calloway on the tenth of October, 1890.  No attempt was made to revive the action, and the fact of the death of Annie P. Calloway was first made to appear of record by the amended and supplemental petitions.  The first claim of error advanced by counsel is based on the refusal of the court to hold that the actions abated on the failure of the plaintiffs to revive the same within a year after the death of Mrs. Calloway.

Section 422 of the Code of Civil Procedure (Gen. Stat. 1897, ch. 95, § 422), provides:

"Where there are several plaintiffs or defendants in an action, and one of them dies, or his powers as personal representative cease, if the right of action survive to or against the remaining parties the action may proceed, the death of the party or the cessation of his powers being stated on the record."

Under the claim set forth in the amended petition, the interests of the parties plaintiff were severable. Annie P. Calloway, the widow, claimed one-half of the land, and the other plaintiffs, who were children and the heirs of deceased ones, claimed the other half. It was not necessary for all of the plaintiffs to join in the action. Either of them might have brought an action to recover his separate interest. The plaintiffs other than Annie P. Calloway claimed one-half of the land in their own right, for which they might have maintained an action regardless of the wishes of Annie P. Calloway. Her death left this separable cause of action still in court, with no occasion for reviving it. After her death they succeeded by inheritance to whatever interest she had, and this gave to them an added cause of action, which they might properly set up by supplemental petition and tack to the cause of action in their favor stated in the original petition. Technical revivor was not necessary, for they did not necessarily continue to prosecute that branch of the action originally instituted by Mrs. Calloway in her own interest.

The answers to the amended and supplemental petitions allege that James Calloway, through whom both parties claimed title, died in Wilkes County, North Carolina, on the twenty-fifth of December, 1878, owning the lands in controversy, and a large amount of other lands in North Carolina and Missouri, and in

Lyon, Greenwood and Coffey counties in Kansas; that on the thirtieth day of December, 1878, his will was duly probated in the county of his residence; that George H. Brown duly qualified as executor thereof; that by the terms of the will bequests were given to and provisions made for his widow, Annie P. Calloway, and the executor was directed to sell the lands; that a copy of the will was immediately delivered to Annie P. Calloway and the personal property bequeathed to her was at once delivered to her by the executor; that on the nineteenth of February, 1879, the executor presented a duly authenticated copy of the will to the probate court of Lyon County, Kansas, where it was by order of said court duly recorded; that on the fourteenth of November, 1879, a duly authenticated copy of the will was recorded in the probate court of Coffey County, Kansas; that on the seventeenth of October, 1879, Brown, as executor, sold to Robert Crane the lands in controversy in case No. 10524, and on the twentieth of December, 1882, said Brown, as executor, sold to Thomas T. Wallace the lands in controversy in case No. 10525, for the full value thereof at the time; that the defendants immediately took possession, which they have held ever since; that on the twenty-first of July, 1885, Brown, as executor, filed in the probate court of Wilkes County, North Carolina, a full report of the sale of these and other lands in Lyon and Coffey counties, Kansas; that at the time of the sale of these lands, Annie P. Calloway, and each of the plaintiffs except the minor children, were severally informed of the sales and the prices for which the real estate was sold, and that all the money arising from the sales was paid to plaintiffs, and for their use; that the land was sold for its full, fair, cash value, and the plaintiffs received the full benefit of all moneys aris-

39—59 KAN.

ing therefrom; that in 1887, said Brown filed in the probate court of Wilkes County, North Carolina, his final account as executor, and instituted proceedings for a final settlement of his accounts; that in said proceedings all heirs, devisees and legatees of said James Calloway were made parties defendant; that summons was duly issued and personally served upon each of the plaintiffs in this action; that L. D. Lowe, who sues as next friend of the minors named in the amended and supplemental petitions, was duly appointed guardian *ad litem* for all the minor defendants in such special proceedings, and in discharge of his duties as such guardian *ad litem* carefully examined all the reports and accounts of the executor; that no exceptions were taken to said accounts, and on the final hearing the report of the executor was approved and he was finally discharged; that under the laws of North Carolina a widow was required to enter a dissent to the will of her husband, in the probate court, within six months after the probate of the will, otherwise she was deemed to assent to its provisions and to elect to take under it; that the widow did not enter a dissent at any time, but elected to take under the will, and did accept, receive, and retain all the benefits thereof; and that the plaintiffs still retain all of the moneys derived from the sale of the lands by the executor.

The answers further allege the prosecution by the plaintiffs of suits against other defendants to recover the possession of other lands similarly conveyed by the executor of Calloway's estate, and the judgments in such actions are set up as a defense and adjudication of the rights of the parties in these actions. The answers conclude with a general denial of all matters stated in the petitions not specifically admitted. To the matters set up by way of affirmative defense the

plaintiffs demurred. Their demurrer was sustained, and the defendants below bring the case to this court, alleging error in this ruling.

The only material difference between the cases is that in one of them the sale was made by the executor before a copy of the will had been recorded in Coffey County, while in the other it was not made until afterward. Accepting, as we must, the truth of the averments of the answer, it appears to us unnecessary to decide whether the subsequent recording of the will in Coffey County gave operation, by relation, to the deed theretofore executed by the executor. Nor do we deem it necessary to discuss the question as to the effect of the widow's election in North Carolina; though it would seem that in the nature of things but one election can be made, which must either accept or reject the will as a whole. It can hardly be that the widow may accept a legacy to be paid to her in North Carolina by the executor out of moneys to be derived from a sale of lands situated in Kansas, and also come into Kansas and elect to take one-half of the land itself. She cannot have the land and the money derived from its sale also. The answer states facts sufficient to equitably estop the plaintiffs from prosecuting their action. It shows that the doings of the executor were known to the plaintiffs, and that in due time he made full report of all of the sales made by him; that he accounted for all the moneys received, and paid them directly to the plaintiffs or applied them for their benefit; that his accounts were duly presented to the probate court in the county of the domicile of Calloway; that the plaintiffs were notified, had full opportunity of inspection, made no objections, received the money, and permitted the accounts of the executor to be allowed and his final dis-

1. Heirs held not permitted to dispute sale by executor, when.

charge to be granted by the probate court. We think this conduct forever estops them from claiming the lands. It is said that the moneys paid to them were the proceeds of many different tracts and that it is impossible to tender a return of the amount due each of the defendants without the taking of an account. The difficulty lies further back. The plaintiffs were called on to affirm or reject the fruits of the executor's administration of the estate, before his final discharge. It is now too late for them to disavow the validity of his acts.

The attempt is made, in the brief of counsel for defendants in error, to build something on the averments of the petition which allege collusion between the executor and the purchasers of the land. The general denial with which the answer concludes effectually disposes of this claim, and leaves the cases to be considered solely on the averments of the answer.

The plea of former adjudication contained in the third paragraph of the answer is not good, because the actions relate to other property claimed by other defendants, and the demurrer to that part of the answer was properly sustained.

The judgments of the District Court are reversed with directions to overrule the demurrers to the second defense.