LAURA MOTE ET AL., APPELLANTS, V. BEN KLEEN ET AL., APPELLEES.

FILED FEBRUARY 20, 1909. No. 15,541.

Executors and Administrators: SALE OF LANDS: ESTOPPEL. Where the adult heirs of a deceased party, with knowledge of the facts, accept and retain, as a part of their distributive share of the estate of the deceased, money derived from a sale of real estate made by the administrator, they cannot thereafter maintain an action to set aside such sale on the ground that the land was a homestead and not liable to be sold for the debts or charges against the estate.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Affirmed.*

*Dorsey & McGrew* and *Bernard McNeny,* for appellants.

*H. Whitmore* and *Samuel Rinaker, contra.*

Duffie, C.

In December, 1893, Robert W. Sipes and his wife, Elvira, purchased the southwest quarter of section 20, township 3, range 14, in Franklin county, with the proceeds of other lands owned by them jointly. The land was purchased from Salvador Hayes, and he conveyed the north 80 acres to Mrs. Sipes and the south 80 acres to her husband, each taking title to a separate 80 acres. The house, barn, granary, well and cistern were located on the north 80 acres to which the wife held title. The south 80 acres was the better land, and all, or nearly all, in a state of cultivation. Sipes and his family moved onto the land in March, 1894, occupying the house and making use of the buildings and other improvements upon the north 80 acres. The south 80 acres was farmed in connection with the wife's land, and was the most productive, portions of the north 80 acres being quite rough, and about 30 acres thereof used as a pasture.

Sipes departed this life November 16, 1894, leaving as his heirs, his wife, Elvira, who has since intermarried and is now known as Elvira G. Whitmore, Ada B. Sipes, a minor daughter born of their marriage, also Laura Mote, Etta Blemler, Ida S. Smith and Luella Wright, daughters of Sipes by a former marriage. The plaintiffs Hugh and Glen Wright are children of Luella Wright, whose death occurred since that of her father. Sipes died intestate, and his widow was appointed administratrix of the estate, but after serving a year or more she resigned, going to the state of Illinois, and George E. Shepard was appointed administrator. Final settlement of the estate was delayed in consequence of foreclosure proceedings, which finally terminated in this court (*Orient Ins. Co. v. Hayes,* 61 Neb. 173), but the final report and discharge of the administrator appears to have taken place in 1901. During the course of the administration Shepard applied to the district court for license to sell the south half of

the southwest quarter of said section 20, and after due notice and hearing he was authorized to and did sell the same to Elvira G. Whitmore, Sipes' former wife, and who held the principal claims against the estate, consisting of allowances made by the county court for the support of herself and family during the administration. She paid the administrator $1,100 for the land, obtained a deed therefor, and afterwards conveyed the whole quarter to the defendant Ben Kleen. After paying the debts due from the estate there remained the sum of $254, which the probate court ordered distributed among the heirs of Sipes. This distribution was made, and the receipts of all the children of Sipes by his first wife, acknowledging payment to them, are found in the bill of exceptions. This action is brought by the plaintiffs, Laura Mote, Etta Bemler and Ida Smith, surviving daughters of Robert W. Sipes, and Hugh and Glen Wright, the only children of a deceased daughter, their claim being that the south 80 acres of the southwest quarter of said section 20, to which the father held title, was his homestead; that the sale thereof by the administrator was absolutely void; and they asked that said sale and all conveyances and incumbrances placed thereon since the date of said sale may be set aside and held for naught.

It is conceded that the rights of the heirs of one who dies in possession of a homestead take precedence of the creditors, and that the sale of a homestead property for the payment of debts of the deceased is void. *Tindall v. Peterson*, 71 Neb. 160; *Bixby v. Jewell*, 72 Neb. 755; *Holmes v. Mason*, 80 Neb. 448.

The principal contention between the parties arises from the fact that Sipes and his family lived upon the north 80 acres to which the wife held title, that there were no buildings or improvements of any kind on the south 80 acres, except that the land had been broken and cultivated, and the defendants contend that by living upon the north 80 acres and using the pasture, the buildings and other appurtenances, Sipes had selected his

homestead out of his wife's property, and that her consent, to such selection was manifest by the actual use made of the property. On the other hand, the plaintiffs contend that as the south 80 acres was the principal source of the family supplies, and was farmed in connection with the north 80 acres, it constituted the homestead of Robert W. Sipes, who was the head of the family. *Lowell v. Shannon,* 60 Ia. 713, *Mason v. Columbia Finance & Trust Co.,* 99 Ky. 117, 35 S. W. 115, and *Buckler v. Brown,* 101 Ky. 46, 39 S. W. 509, are relied on in support of the theory that a homestead may be claimed out of the husband's lands, although residing with his family in a house on adjacent land owned by his wife. Whether under our statute, which apparently requires the homestead to include "the dwelling house in which the claimant resides," a claim of homestead may be maintained to the south 80 acres under the circumstances of this case is a question that we do not care to discuss until it arises in such a way that it must be determined.

There is another view of the case which we also think quite decisive of the rights of the parties. The defendants have pleaded and assert that the plaintiffs are estopped from claiming any interest in the land of their ancestor because of having received and retained a part of the price for which it was sold. Due notice of the application to sell was given to all parties. The personal property belonging to the estate was wholly insufficient to pay the debts and the widow's allowance. Any sum remaining in the hands of the administrator when his final report was made was money derived from the sale of this land. With full knowledge of these facts the adult plaintiffs and the mother of the minor plaintiffs accepted from the administrator their distributive share of this money. Can they take their distributive share of the money arising from the sale of the land, and, while holding the same, ask to have the sale set aside and title to the land decreed in them? The legal principle involved was before the supreme court of Iowa in *Pursley v. Hays,* 17 Ia. 310, and

*Deford v. Mercer,* 24 Ia. 118. In these cases it was held that where heirs, after attaining their majority, with knowledge of the facts, and in the absence of fraud or mistake, receive and retain a portion of the money arising from the sale by their guardian of their interest in certain lands, they are thereby estopped from questioning the validity of such sale, and it is further held that this principle is not limited to cases of voidable sales, but extends to those where the sale is void.. Judge Dillon, who wrote the opinion in the case last cited, furnished a note for the reporter which is found on pages 123 and 124 of the report, in which numerous cases are cited in support of the views adopted in that case. Believing that the opinion of Judge Dillon establishes a just and salutory principle, we are constrained to hold that the parties plaintiff, having received the benefit of the sale, are in no position to question its validity, and are estopped from so doing. To the same effect is *Staats v. Wilson,* 76 Neb. 204, and *Wamsley v. Crook,* 3 Neb. 344.

We recommend an affirmance of the decree appealed from.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.