Argued July 18, decided August 6, 1912.

## BROWNE v. COLEMAN.

[125 Pac. 278.]

EXECUTORS AND ADMINISTRATORS—SALE OF LAND TO PAY DEBTS—VALIDITY.
1. Where an administrator's sale of land to pay debts was void at law for jurisdiction of the court to order it and want of power in the administrator to make it on account of defects in the service of the citation, it was equally void in equity; since, although equity may relieve against the defective execution of a power created by the parties, it cannot relieve against the defective execution of a power created by statute.

EXECUTORS AND ADMINISTRATORS—SALE OF LAND TO PAY DEBTS—ESTOPPEL
TO ATTACK.
2. While the parties to a proceeding by an administrator to sell land to pay debts may by their conduct be estopped to atack the validity of the sale for defects in the service of the citation, they are not so estopped merely by failure to appear and contest the proceeding.

EXECUTORS AND ADMINISTRATORS—SALE OF LAND TO PAY DEBTS—INVALIDITY
     —REIMBURSEMENT OF PURCHASER.
3.  The heirs of a decedent cannot recover land sold by the adminis-
trator to pay debts on account of defects in the proceedings to sell with-
out reimbursing the purchaser for so much of the proceeds of the sale
as were applied to the payment of debts which were a charge on the land.

EXECUTORS AND ADMINISTRATORS—SALE OF LAND TO PAY DEBTS—ESTOPPEL
     TO ATTACK.
4.  Heirs of a decedent who, with knowledge of defects in the service
of the citation in a proceeding by the administrator to sell land to pay
debts, accepted their distributive share of the proceeds of the sale, were
estopped to question its validity.

DOWER—ACTIONS FOR DOWER—JURISDICTION.
5.  A circuit court has jurisdiction to admeasure dower.

EXECUTORS AND ADMINISTRATORS—SALE OF LAND TO PAY DEBTS—INVALIDITY
     —CURATIVE STATUTE.
6.  Section 7156, L. O. L., validating executors' and administrators'
deeds, notwithstanding "irregularities, defects or informalities" in the
proceedings prior to the sale, does not render valid an administrator's deed
which was absolutely void because of defects in the service of the citation
in the proceeding to sell.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an application by Leroy Browne against Eliza-
beth Coleman and others, under Sections 7179 to 7285,
L. O. L., to register title to certain lands situated in
Marion County. The question as to the title to this iden-
tical property was litigated in the case of *Smith* v. *Whit-
ing*, 55 Or. 393 (106 Pac. 791), which was an action of
ejectment. A full statement of the controversy appears
in that opinion, and it is unnecessary to repeat it here.

Upon the termination of the case above referred to,
Browne, who is the grantee of Whiting, brought this suit,
setting up certain alleged equities which his grantor was
unable to urge in the law action. The equities urged by
applicant may be briefly stated as follows: (1) That at
the time of Jacob Smith's death, April 27, 1897, he was
the owner of the real property described in the application,
and left no personal property or money, and that

there were outstanding claims against the estate to the amount of $300. (2) That the administrator regularly petitioned the court for leave to sell the real estate to pay these claims. (3) That on June 29, 1900, citation was issued to the widow and heirs of the deceased to appear on August 4, 1900, and show cause why the order of sale should not be made. (4) That a copy of such citation was duly and regularly served upon each of the parties, but by neglect and oversight of the sheriff the return of such service was never made nor filed. (5) That service by publication was also made in a newspaper for five consecutive weeks. (6) That on March 24, 1903, the sale was made and Leroy Browne, plaintiff, and Elizabeth Whiting became the purchasers. (7) That on August 25, 1904, Browne conveyed his interest to Elizabeth Whiting, and in 1908 Mrs. Whiting reconveyed the whole of the land to plaintiff. Then follows a recital of the action proceedings and judgment in the case of *Smith v. Whiting,* 55 Or. 393 (106 Pac. 791). (8) That on such trial defendant Whiting offered in evidence the proceedings of the probate court, in relation to the petition for sale, order for sale, and confirmation of sale of the land, but they were excluded by the court for the reason that the record did not show that the widow and heirs had been personally served with citations as provided by law. (9) That the court refused to allow defendant in that action to show by parol that such service had actually been made. (10) That defendants J. L. Smith and May Smith (now Hunter) appeared in the county court at the time mentioned in the citation, and were informed by the county judge, of their right to file objections to such sale, and the cause was continued from 10 A. M. until 2 P. M. o'clock of that day, to allow them to do so. That they did not appear again, but stated to the administrator that they did not intend to proceed further with such objection.

(11) That the widow and each and all of the children of deceased had full notice and knowledge of the pendency of such proceeding, knew that the petition was to be heard on August 4, 1900, and knew that it was necessary to sell the land in order to satisfy the debts of deceased, and the expense of administration. That they failed to file any objection thereto. That they had full knowledge of the sale of the land to Browne and Whiting, and neither of them objected thereto or called the same in question until the filing of the ejectment suit of *Smith* v. *Whiting*. (12) That the $400 received from such sale was applied to the indebtedness of the estate, and the surplus was divided in equal shares. (13) That W. J. Smith, one of the heirs, died before administration of the estate was complete, and his widow, Daisy G. Smith (now Shepherd), became entitled to his distributive share of the surplus, arising from the proceeds of the sale, and that the following heirs, defendants herein, made and filed with the administrators their receipt for $6.24 the distributive share of each, to wit, Nancy Helvey, Elizabeth Colemen, Julia Hall, J. M. Smith, Agnes Jones, Daisy G. Shepherd, and Mrs. T. A. Lamm. (14) That on September 30, 1903, the administrator filed his final account which contained a full statement of the proceedings to sell the land aforesaid, together with a description of the same. That notice of the hearing of objections to the final account was given for a certain date and hour, as provided by law. That neither the heirs nor the widow appeared, and it was allowed by the court. (15) That at the time of the purchase of the land plaintiff and Mrs. Whiting had reason to believe from representations made by the attorney for the administrator that all the steps necessary to affect a lawful sale of the land had been taken. That all the proceedings leading up to the sale had been regular and according to law, and that they

relied upon such belief and representations, and relied upon the fact that neither the heirs nor the widow made any objection to the sale of the premises, but, in fact, remained silent with respect thereto . (16) That none of the heirs, receiving such distributive share of the purchase price, has offered to return the same or any part thereof. (17) That applicant and Mrs. Whiting have paid the taxes on the property since the execution of the administrator's deed. That they were never apprised that any of the defendants claimed any interest in the land until they were served with summons in the case of *Smith* v. *Whiting*. That the defendants never attempted to assert any claim to the land until the same had enhanced greatly in value. That plaintiff, relying upon the silence and acquiescence of defendants, and believing his title to be good, entered into a contract on or about January 1, 1908, for the sale of the property. That, unless his title is quieted, he will suffer great loss and damage. That relying upon the matters aforesaid, petitioner on January 28, 1908, purchased from Mrs. Whiting her interest in the land, paying her therefor the sum of $3,200. (18) That the widow and heirs remained silent and failed to assert their claim for the purpose of misleading petitioner and Mrs. Whiting, and, except for such silence and acquiescence and apparent assent, they would not have purchased the land, paid the taxes or entered into possession, nor would petitioner have purchased her interest from Mrs. Whiting, or paid her any consideration therefor. (19) The same matters are pleaded as an estoppel. (20) It is alleged that $253.44 of the claims against the Smith estate were for necessaries furnished the family of deceased for which the widow's claim in the estate is liable. A decree was rendered in favor of defendants, and plaintiff appeals.     MODIFIED.

For appellant there was a brief over the names of *Messrs. Huntington & Wilson,* with an oral argument by *Mr. S. B. Huntington.*

For respondents there was a brief over the names of *Messrs. Carson & Brown,* with an oral argument by *Mr. Thomas Brown.*

Mr. Justice McBride delivered the opinion of the court.

1. When this matter was before the court in ejectment (*Smith* v. *Whiting,* 55 Or. 393, 106 Pac. 791), we held that the service of citation and notice was jurisdictional, and that, unless proved by the proper return on file in the county court, that court had no jurisdiction to order the sale. No such return appearing on file and the published notice of sale required defendants to appear on the last day of publication, we held that the proceeding was wholly void, and affirmed the judgment for plaintiff in that action. While equity may relieve against the defective execution of a power created by the parties, it is incapable of relieving against the defective execution of a power created by statute. Freeman, Void Jud. Sales, § 55; *Bright* v. *Boyd,* 1 Story, 486 (Fed. Cas. No. 1,875); *Young* v. *Dowling,* 15 Ill. 481, 485. Therefore, if the sale was void at law, by reason of want of jurisdiction in the county court to order it, and want of power in the administrator to make it, it is equally void both at law and in equity. Any other rule would make a court of equity a legislative body with power to amend the statute in each particular case to meet supposed hardships which might ensue from enforcement of the statute.

2. It does not follow, however, that a sale absolutely void in law may be ineffective for every purpose. If the conduct of the parties was such as to lead purchasers to believe that they recognized it as a genuine sale, and to induce them to purchase where otherwise they would not

have purchased, or if, after the sale has been made, they, with knowledge of the facts, accept their proportion of the money obtained by the purchase, an estoppel may arise which may be as effective in equity to bar their right as if a regular valid sale had taken place in the first instance. We do not think such an estoppel arises from mere failure to appear and contest the proceeding in the county court in the first instance. The law provides the method by which a party may be brought into court, and, if this method is not followed, he is under no legal or moral obligation to voluntarily submit himself to the jurisdiction. He may stay out of court and allow the moving party and purchasers under the sale to proceed at their peril. The record is always available to a purchaser, and, in the absence of any affirmative act by the heir tending to mislead the purchaser, he is not chargeable with constructive fraud merely because he does not seek out such purchaser and warn him of defects in the proceedings. The heirs and widow in this case did nothing to mislead the plaintiff and his copurchaser. They simply declined to appear, and the purchasers, without examining the record, bought the property. It is true that they paid full price for it, and, no doubt, thought the sale valid, but this fact can make no difference as to the validity of the sale.

3. A large part of the money received from the sale was used to pay the debts of the estate, which were a charge upon the land, and in equity and good conscience the defendants should not recover the land freed from these charges, but, as a condition precedent, they should be required to repay this amount, together with the lawful interest from the date of the administrator's sale. Certain of the heirs accepted their distributive share of the estate which arose wholly from the proceeds of this sale and their receipts are on file here.

4. We are satisfied from the testimony in the case,

particularly that of E. L. Smith, who was administrator of the estate and a brother of the other heirs, that those who acecpted the distributive share paid them were at the time fully aware of the proceedings in the county court and of the sale, and were fully acquainted with their rights in the matter, and they are thereby estopped to question the validity of the sale. *Pursley* v. *Hays,* 17 Iowa, 310; *Deford* v. *Mercer,* 24 Iowa, 118 (92 Am. Dec. 460) ; *Mote* v. *Kleen,* 83 Neb. 585 (119 N. W. 1125: 131 Am. St. Rep. 654). As to these heirs the decree should be reversed, and as to the remaining parties it should be affirmed, subject to the repayment of their proportion of the purchase money and taxes with lawful interest thereon.

5. It is claimed that the circuit court is without jurisdiction to admeasure dower, but it is held otherwise in *Baer* v. *Ballingall,* 37 Or. 416 (61 Pac. 852).

6. It is claimed that the curative statute (Section 7156, L. O. L.) bars the right of defendants in this case, but such statute is limited in its operation to "irregularities, defects or informalities," and it is evidently not intended to extend to sales which are absolutely void, and such has been the holding of this court (*Mitchell* v. *Campbell,* 19 Or. 198: 24 Pac. 455; *McCulloch* v. *Estes,* 20 Or. 349: 25 Pac. 724; *Fuller* v. *Hager,* 47 Or. 242: 83 Pac. 782: 114 Am. St. Rep. 916).

The decree of the circuit court will be modified in the respects indicated in this opinion, and neither party will recover costs in this court. The costs of the circuit court will stand as there decreed.    MODIFIED.