PEARCE v. SUPREME LODGE, KNIGHTS AND LADIES OF HONOR. (No. 5750.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 3, 1917.)

1. EXCEPTIONS, BILL OF ⬤⟿39(1)—FAILURE TO FILE IN TIME.

· A bill of exceptions not filed within the time given by statute, or any extension thereof, cannot be considered.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 54; Dec. Dig. ⬤⟿39(1).]

2. APPEAL AND ERROR ⬤⟿499(4)—RECORD—OBJECTIONS TO CHARGE.

In view of Rev. St. 1911, art. 1971, as amended by Acts 33d Leg. c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1971), requiring objections to a charge to be presented before it is read to the jury, and providing that objections not so presented are to be considered waived, where the record fails to show that a peremptory instruction was objected to, the appellate court will not review the correctness of the ruling on the theory that they are considering a matter of fundamental error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2298; Dec. Dig. ⬤⟿499(4).]

Error from Bexar County Court for Civil Cases; John H. Clark, Judge.

Suit by M. A. Pearce against the Supreme Lodge, Knights and Ladies of Honor. Judg-

ment for defendant, and plaintiff brings error. Affirmed.

E. H. Powell, of San Antonio, for plaintiff in error. Locke & Locke, of Dallas, and C. A. Keller and W. S. Anthony, both of San Antonio, for defendant in error.

MOURSUND, J. This is a suit by M. A. Pearce against the Supreme Lodge, Knights and Ladies of Honor, upon an alleged assignment of $212.50 out of $500 due by defendant to Elizabeth Wolff, Edna Wolff, and Charles Wolff on a beneficiary certificate in favor of Herman T. Wolff issued by defendant. Plaintiff alleged that said assignment was made, in writing and verbally, on April 1, 1911, and that on April 4, 1911, he notified Mrs. Augusta Haack and Chas. A. Jenke, agents of defendant, that he held such assignment, and that he subsequently delivered same to them upon their promise to protect him in his interests therein and see that he was paid; that said ,agents paid the full amount of the certificate to the beneficiaries named therein and refused to pay plaintiff the amount assigned to him. Defendant answered by general demurrer, general denial, and a special answer, admitting the issuance of a warrant for the $500, of which one-third was payable to Elizabeth Wolff and two-thirds to Chas. A. Jenke, who had duly qualified as guardian of Edna Wolff and Charles Wolff, the other two beneficiaries, who were minors; that such warrant was issued and delivered without any knowledge or notice of plaintiff's claim; that Mrs. Augusta Haack was not an agent of defendants for the purpose of receiving the instrument relied on by plaintiff or any notice of plaintiff's right or claim. It further alleged that Edna and Charley Wolff were minors and without legal capacity to make any assignment, and therefore any attempt by them to make an assignment was invalid. Plaintiff, by supplemental petition, excepted specially to the answer and denied the allegations thereof.

[1] Plaintiff in error, in his assignments, complains of the giving of a peremptory instruction to find for defendant. The record fails to disclose that any objections were made to the charge. There is a bill of exceptions which contains the statement that plaintiff excepted to the giving of the charge, but does not disclose what objections, if any, were made to the same. This bill of exceptions was not filed until June 4, 1915, although the court adjourned on February 27, 1915, and, not having been filed within the time given by statute or any extension thereof, cannot be considered. Unknown Heirs of Criswell v. Robbins, 152 S. W. 210; Loeb v. Railway, 186 S. W. 379.

[2] Our Supreme Court has held that it is unnecessary to except to the giving of the general charge, but that it is necessary, un-

der article 1971 as amended by the act of the Thirty-Third Legislature, to present to the court such objections to the general charge as are intended to be urged by assignments of error, otherwise they are waived, and that the transcript should contain some authentic record, showing that the objections were in fact presented to the court before the charge was read to the jury. Gulf, T. & W. Ry. Co. v. Dickey, 187 S. W. 184. The opinions of the Courts of Civil Appeals are not in accord on the question whether that statute is applicable to peremptory instructions, but this court has held that it applies to all charges, and that if a peremptory instruction is not objected to, the appellate courts will not investigate the correctness of the ruling on the theory that they are considering a matter of fundamental error. Strong v. Harwell, 185 S. W. 676; McCall v. Roemer, 186 S. W. 409.

As plaintiff in error is not in a position entitling him to complain of the charge, the assignments must be overruled.

The judgment is affirmed.