BYRNE et ux. v. TEXAS LUMBER & LOAN
CO. (No. 1833.)

(Court of Civil Appeals of Texas. Texarkana.
Oct. 25, 1917.)

1. APPEAL AND ERROR ☞230—PRESENTATION
OF GROUNDS OF REVIEW IN COURT BELOW—
INSTRUCTION—OBJECTIONS—NECESSITY.

Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 1971, requiring objections to the charge to
be made before it is read to the jury, and de-
claring that unless so made they shall be waiv-
ed, objections to a peremptory charge are waived
if not made before the charge is read, and in
such case assignments of error complaining of
the charge cannot be considered on appeal.

2. EXCEPTIONS, BILL OF ☞43(1)—TIME FOR
FILING.

A bill of exceptions, not filed until long
after the time in which to file allowed by the
court's order expired, cannot be considered.

3. APPEAL AND ERROR ☞230—PRESENTATION
OF GROUNDS OF REVIEW IN COURT BELOW—
NECESSITY—FUNDAMENTAL ERROR.

Where no objections to a peremptory charge
were made until after it was read to the jury,
all objections were waived, Vernon's Sayles'
Ann. Civ. St. 1914, art. 1971, applying to per-
emptory charge as well as others, and the pro-
priety of the charge cannot be reviewed on ap-
peal on the theory that it amounted to fun-
damental error.

Error from District Court, McLennan
County; E. J. Clark, Judge.

Action by the Texas Lumber & Loan Com-
pany against G. H. Byrne and wife. There
was a judgment for plaintiff, and defend-
ants bring error. Affirmed.

D. C. Woods, of Waco, for plaintiffs in er-
ror. E. M. Mann, of Mart, for defendant in
error.

WILLSON, C. J. [1, 2] The assignments
are predicated upon the action of the trial
court in peremptorily charging the jury to
find in favor of defendant in error against
plaintiffs in error, who were the defendants
in that court. As it does not appear from
anything in the record we are authorized to
consider that plaintiffs in error presented to
said court the objection they urge to the
charge, before same was read to the jury,
they are in the attitude of having waived the
objection and are not entitled to have their
assignments considered here. Article 1971,
Vernon's Statutes; Railway Co. v. Wadsack,
166 S. W. 42; Railway Co. v. Brown, 168
S. W. 867; Heath v. Huffhines, 168 S. W.
974; Railway Co. v. Crutchfield, 165 S. W.
551; Johnson v. Hoover, 165 S. W. 900;
Case Cutlery Co. v. Folsom, 170 S. W. 1066;
Williams v. Phelps, 171 S. W. 100; Rail-
way Co. v. Chumbley, 169 S. W. 1107; Rail-
way Co. v. Lewis, 176 S. W. 68. The bill
in the record showing that plaintiffs in er-
ror objected to the charge was not filed un-
til long after the time in which to file it
allowed them by the court's order had ex-
pired, and for that reason cannot be consid-
ered. Canal v. Quinn, 160 S. W. 151; Cris-
well v. Robbins, 152 S. W. 210; Rishworth

v. Moss, 191 S. W. 843. But had it been
filed in time to entitle it to consideration, we
would have to hold it to be insufficient be-
cause it fails to show that the objection was
presented to the court before he read the
charge to the jury. Railway Co. v. Sharpe,
167 S. W. 814; Fuller v. Commission Co.,
174 S. W. 931; Railway Co. v. Fogleman,
172 S. W. 558.

[3] The contention made, that the error
(if it was one) of the trial court in per-
emptorily charging the jury to find for de-
fendant in error was a fundamental one en-
titling plaintiffs in error to have the action
of that court reviewed whether they objected
to it or not, is overruled. This court and
other Courts of Civil Appeals have repeat-
edly, and we think correctly, held to the con-
trary of the contention. Railway Co. v. Wil-
son, 176 S. W. 619; Railway Co. v. O'Ban-
non, 178 S. W. 731; McCall v. Roemer, 186
S. W. 409; Thorne v. Dashiell, 189 S. W.
986; Pearce v. Lodge, 190 S. W. 1156; Carr
v. Bank, 189 S. W. 988; Strong v. Harwell,
185 S. W. 676; Ry. Co. v. Wheat, 173 S. W.
974; Gestean v. Bishop, 180 S. W. 302. The
right of a litigant to appeal from a judg-
ment against him and his right to a review
by an appellate court of proceedings result-
ing in the judgment are statutory ones. The
litigant is not in a position to demand such
a review until he makes it appear in the
way required by the lawmaking power that
he has complied with conditions to its ex-
ercise prescribed by that power. One of
those conditions, as is shown by article 1971,
Vernon's Statutes, cited above, is that the
litigant shall present to the trial court his
objections to the charge before it is read to
the jury. The statute contains no language
evidencing an intention on the part of the
Legislature that the requirement shall not
apply if the charge is a peremptory one to
find in favor of the litigant's adversary,
and, keeping the object of the Legislature in
view, we see no reason why the statute
should be held to be inapplicable to such a
charge.

The judgment is affirmed.