ALLEN et al. v. BERKMIER et al.
(No. 1564.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 8, 1919. On the Merits, Oct. 29, 1919. On Motion for Rehearing, Dec. 3, 1919.)

1. APPEAL AND ERROR ⟺655(2)—STRIKING BILL OF EXCEPTIONS FROM THE RECORD.

Bills of exceptions filed more than 30 days after adjournment of term at which case was tried, where no order extending time for filing has been made, will be stricken from the record upon appellee's motion made within 30 days after filing of transcript in court of appeals, in view of Rev. St. art. 2073.

On the Merits.

2. EXECUTORS AND ADMINISTRATORS ⟺377— ESTOPPEL TO DENY VALIDITY OF ADMINISTRATOR'S SALE.

Heirs who, being of age, agreed among themselves and with the administrator that, in order to secure a final settlement and distribution of estate, land should be sold to certain of the heirs at specified price, and who participated in the distribution of the proceeds of such sale, are estopped from denying validity of sale, since, having assumed that administrator had the right to make sale, they are estopped from denying existence of such fact.

3. ESTOPPEL ⟺78(2)—DENIAL OF EXISTENCE OF ASSUMED FACTS IN CONTRACT.

When a contract is made, and the parties thereto as a basis therefor assume a certain state of facts to be true, they are thereafter estopped from denying the existence of such facts so made the basis of the contract.

On Motion for Rehearing.

4. COURTS ⟺92—LAW OF THE CASE.

The law of the case controlling the decision becomes authority, and is not obiter dicta, though the court was mistaken in the assumption of the premise of the decision upon which the law was announced.

Appeal from District Court, Floyd County; R. C. Joiner, Judge.

Suit by James B. Allen and others against Josephine Berkmier and others. Judgment for defendants, and plaintiffs appeal. Motion to strike out bills of exception sustained. Judgment affirmed.

Williams & Martin, of Plainview, for appellants.

P. B. Randolph, of Plainview, for appellees.

On Motion to Strike out Bills of Exception.

BOYCE, J. [1] It appears from the transcript that the term of the district court at which this case was tried adjourned on April 4, 1919. No order extending the time for filing bills of exception appears. Bill of exception No. 1 was filed on June 1, 1919, and bills Nos. 2 to 7 inclusive were filed on June 30, 1919. Appellee within 30 days after the filing of the transcript in this court has moved that said bills of exception be stricken from the record because not filed within the time prescribed by law. Under this state of facts the motion must be sustained. R. S. art. 2073; Criswell v. Robbins, 152 S. W. 210; Pearce v. Supreme Lodge, 190 S. W. 1156; Loeb v. Railway, 186 S. W. 379; Comm. v. Houston Oil Co., 171 S. W. 520; Rishworth v. Moss, 191 S. W. 850; Byrne v. Lumber Co., 198 S. W. 600; Camp v. Gourley, 201 S. W. 671; Pool v. Pierce-Fordyce Oil Ass'n, 209 S. W. 706.

On the Merits.

This suit was brought by appellants against appellees to recover and have partitioned to them a two-fifths interest in 320 acres of land in Floyd county. The land in question belonged to the community estate of James Allen and his wife, Anne Allen, and the appellants were entitled to recover a two-fifths interest therein through inheritance from the said decedents, unless they are precluded from denying the validity of an administrator's sale of such property, under which appellees claim the land. The facts in connection with the administrator's sale, on which the issue of estoppel arises, are, briefly, as follows:

James Allen, by his will, gave to his wife a life estate in all property owned by him, and provided that his said wife and one Samuel Wolfe should be joint executors of his will, and that upon the death of his wife the said Wolfe should continue as sole executor, and that all property remaining after the death of the said wife should be sold as soon as possible, and the proceeds distributed in cash among his legal heirs. The widow filed her acceptance under the will, but declined to act as executor, whereupon Samuel Wolfe was appointed sole executor; and later, upon his resignation, William M. Johnston was appointed administrator with the will annexed. It does not appear definitely when the said Anne Allen died, but it is evident that she was dead at the time of the administrator's sale, presently referred to. All of the parties resided in Ohio, where the administration proceedings were all had, and no administration proceedings were had in Texas; a certified copy of the will and its probate, together with the administrator's deed, being filed and recorded in the deed records of Floyd county. It was apparently assumed by the administrator and all the heirs that the administrator had the power under the terms of the will, and without any proceedings in the Texas courts, to sell the property in Texas. The Texas land was not thought to be of much value; no purchaser therefor could be

found, and all of the heirs declared that they did not want it, and a considerable delay in the final settlement of the estate and distribution thereof was incurred by reason of this fact. The heirs finally agreed among themselves and with the administrator that, in order to secure a final settlement and distribution of the estate, the land should be sold to Joseph Allen and Mrs. Eberly, two of the heirs, at $1 per acre. Whereupon the administrator, acting as such, by deed dated June 4, 1897, conveyed the land to said parties at such price, and final settlement of the estate was thereafter had, including a distribution to each of the heirs of his proportionate interest in the funds realized from the sale of this land. The appellees claim through the said Joseph Allen and Mrs. Eberly, and the appellants claim through other heirs of the said James Allen and wife, who were parties to such proceeding and participated in the distribution of said funds. All of such heirs were at the time of age, and those through whom appellants claim were cognizant of, and parties to, the agreement under which the land was sold, expressing their preference to take their respective shares of said estate in money. The understanding between the parties which culminated in the sale in this way was arrived at by correspondence among themselves and with the administrator.

[2] It is conceded that the administrator had no power to sell the property in Texas as he did, and we need not discuss such matter. But we are of the opinion that the appellants are estopped from denying the validity of the administrator's sale made under the circumstances stated. Grande v. Chaves, 15 Tex. 551; Ryan v. Maxey, 43 Tex. 195; Stafford v. Harris, 82 Tex. 178, 17 S. W. 530; Halbert v. Carroll, 25 S. W. 1102; Vineyard v. Heard, 167 S. W. 22; Whitaker v. Thayer, 38 Tex. Civ. App. 537, 86 S. W. 364.

In the case of Grande v. Chaves, supra, a sale was made by an administrator, acting as such, under a void administration proceeding. The administrator had been urged in letters from the heirs to sell the property, and also had a power of attorney from them to sell, and the proceeds of the sale were paid to such heirs. The following quotations from the opinion set forth the basis of the holding of the court in the case, to the effect that they were precluded from denying the validity of such sale:

"The controlling circumstance in this case, and which overreaches the question of the validity of the grant, or the sale made under its authority, is the fact that the plaintiffs, claiming this property by heirship, were exceedingly eager for the sale of the land. * * * Their letters to this effect would preclude them, in equity, from disturbing the rights of one who purchased from their agent, who did the

very act they requested and authorized him to perform, although he may have been also acting under another power, which was invalid and insufficient to support his act. * * * Upon the whole, we believe the plaintiffs are precluded by their acts from impeaching the title of the purchasers. They entreated and urged the sale, and they have received the proceeds. Their acts show such acquiescence as to amount to a ratification, and they cannot be permitted to disturb the rights of purchasers under sales fairly made, and with their consent, and from which they received the benefit."

In the case of Ryan v. Maxey, supra, the heirs sought to recover property sold by the guardian of the deceased after the ward's death, in pursuance to an order of the court had in the guardianship proceeding. The claimants in such case were active in procuring the sale, and received the benefits thereof, and it was held that, though the court may have been without jurisdiction to order the sale—a point which was not decided—yet such claimants, by reason of such facts, were estopped from denying such power. The gist of the holding in the case is expressed in these words:

"The evidence is satisfactory that the parties were not merely passively consenting to the sale, but that they were active agents in procuring it to be ordered. In truth, the court and the guardian may be regarded as their agents in making the sale."

Following these early cases by the Supreme Court, it has been held in a number of later cases, which we have cited, that heirs, who with knowledge received the proceeds of sales of property made by an administrator of an estate in which they are interested, thereby ratified such sales, and are estopped from thereafter denying their validity, and this seems to be the holding generally in other jurisdictions. Deford v. Mercer, 24 Iowa, 118, 92 Am. Dec. 460; Smith v. Warden, 19 Pa. 424; Crane v. Lowe, 59 Kan. 606, 54 Pac. 666; Cadematori v. Ganger, 160 Mo. 352, 61 S. W. 195; Meddis v. Kenney, 176 Mo. 200, 75 S. W. 633, 98 Am. St. Rep. 496; Favill v. Roberts, 50 N. Y. 222; Hampton v. Murphy, 45 Ind. App. 513, 86 N. E. 439, 88 N. E. 876; Mote v. Kleen, 83 Neb. 585, 119 N. W. 1125; Browne v. Coleman, 62 Or. 454, 125 Pac. 278; Harl v. Vairin's Ex'rs, 175 Ky. 468, 194 S. W. 546; Cyc. vol. 18, p. 798; R. C. L. vol. 11, p. 391.

The facts in this case distinguish it, we think, from the case of Wilkin v. Owens, 102 Tex. 199, 114 S. W. 104, 115 S. W. 1174, 117 S. W. 425, 132 Am. St. Rep. 867. In that case the heirs were minors at the time of the sale and had nothing to do with it. The proceeds of the sale were applied in payment of the debts of the estate, and the minors later received what remained of the estate. The title to the property which they received vested in them, subject to the administra-

tion, and they merely took their own in receiving it. The benefit to the property received by them from the sale of the other property was indirect. Every requirement of justice could be met by requiring the heirs, when they recovered the property which had been illegally sold, to pay to the purchaser the purchase price which had been applied in discharge of debts due by the estate. So that a holding against the sufficiency of such facts to constitute an estoppel in that case is not, we think, authority in this case, where the heirs agreed that the sale should be made as it was, and participated in a direct distribution of the proceeds thereof.

Appellants urge that all parties through whom both appellants and appellees claim, since they are charged with a knowledge of the law, must be held to have known that the administrator's conveyance was invalid; that all parties knew the facts, and that one who acts with equal knowledge of the facts cannot plead estoppel against the other party to the transaction. It is true that knowledge of the facts on one side, and ignorance thereof on the other, is in many cases an essential to the application by equity of the doctrine of estoppel.

[3] This is not always true, however. For instance, when a contract is made, and the parties thereto, as a basis therefor, assume a certain state of facts to be true, they are thereafter estopped from denying the existence of such facts, so made the basis of the contract, and it is said that in this class of estoppels "it can seldom be an answer to the alleged estoppel, unlike the case of estoppel by conduct, that the party supposed to be estopped acted in ignorance of the facts and under a mistake." Bigelow on Estoppel (6th Ed.) pp. 495 and 496; 16 Cyc. p. 719. It might perhaps with some propriety be said that this case belongs to this character of estoppel. The parties assumed that the administrator, as such, had the right to convey their interest in this land, and this fact was the basis of the agreement among themselves as to the disposition to be made of it, culminating in the administrator's deed. Ought they not thereafter be held estopped from denying the truth of the matter thus assumed? In those cases where the heirs are held to a ratification of the sale merely by the subsequent acceptance, with knowledge of the facts, of the proceeds of the sale, the principles of the law of agency are applied. Upon whatever theory the decision is to rest, there appears to be ample authority to support the concrete conclusion that, under the facts in this case, the appellants are precluded from denying the validity of the administrator's conveyance, and this conclusion seems to us to meet the justice of this particular case.

We therefore affirm the judgment of the district court.

### On Motion for Rehearing.

Appellants' attorneys, in their motion for rehearing, after a review in detail of the Texas cases cited in our opinion as authority for the proposition that those who knowingly participate in the proceedings which bring about an administrator's sale of property belonging to a decedent, and thereafter accept the proceeds of such sale, are estopped from denying its validity, assert as a conclusion therefrom that the proceedings in such cases were not void; that the application of the principles of estoppel was not necessary to a decision of such cases; and that whatever might have been said by the courts in regard to such matter is to be regarded as obiter dicta. In our original decision of the case, and in our consideration of the motion, we have not thought it necessary to determine whether as a matter of fact the sales in the cases referred to were void or not. The opinions in several of the cases assume that the sales were void and the decisions based on this predicate. In Grande v. Chaves, 15 Tex. 551, the court said: "It does seem that such grant [that is, the grant of administration in Bexar county during the course of which the sale was made] was without legal force or effect." And it is later announced by the court that the "controlling circumstance in this case, and which overreaches the question of the validity of the grant," were the facts which the court held sufficient to estop the plaintiffs from impeaching the title of the purchasers. In Ryan v. Maxey, 43 Tex. 195, the court said: "Whether the court in this case had or had not jurisdiction to order the sale, under the facts set up in the answer and established by the evidence, the plaintiffs were estopped from enforcing their claim to the land." In Stafford v. Harris, 82 Tex. 178, 17 S. W. 530, the estoppel was based on facts in connection with a sale ordered by the county court, and which was held in the opinion to be void.

[4] If it be true that the courts were mistaken in the assumption of the premise of these decisions, yet the law of the case controlling the decision was announced on this assumption, and the law so announced becomes authority, and is not to be regarded as obiter dicta. C. J. vol. 15, p. 939, § 329, and authorities cited, particularly Brown v. C. & N. W. Ry. Co., 102 Wis. 137, 77 N. W. 748, 78 N. W. 771, 44 L. R. A. 586. Even if it should be admitted that these authorities are not controlling, they are strongly persuasive, particularly in view of the fact that the same conclusions of law are stated in well-considered decisions of other jurisdictions. In Deford v. Mercer, 24 Iowa, 118, 92 Am. Dec. 460, Chief Justice Dillon said:

"It will be seen that this principle of estoppel is not limited, as contended for by the appellant's counsel, to cases of voidable sales, but extends to cases where the sale is void."

In Smith v. Warden, 19 Pa. 424, it was said:

"The application of the principle does not depend upon any supposed distinction between a void and voidable sale. The receipt of the money [proceeds of the sale], with a knowledge that the purchaser is paying it upon an understanding that he is purchasing a good title, touches the conscience, and therefore binds the party in one case as well as the other."

The authorities, we think, not only justify, but require, that we adhere to the conclusions as announced in our original disposition of the case, and the motion for rehearing must be overruled.

---

⬅⬤⮕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes